KUEHNE & NAGEL, INC., Respondent-Appellant, v. F. W. BAIDEN and ALL OTHER UNDERWRITERS AT LLOYD'S SUBSCRIBING POLICY OF INSURANCE 655/MA44619, Appellants-Respondents.

First Department, April 25, 1974.

*William Warner* of counsel (*Symmers, Fish & Warner,* attorneys), for appellants-respondents.

*Nicholas J. Healy, Jr.,* of counsel (*Healy & Baillie,* attorneys), for respondent-appellant.

STEUER, J. Plaintiff is the assignee of the charterer of the motorship *Valhall.* (Hereinafter plaintiff's assignor will be referred to as plaintiff.) Plaintiff chartered this vessel on April 16, 1970, for a voyage from Gdynia, Poland, to Santa Marta, Colombia. The purpose of the voyage was to transport 300 jeeps consigned to Caribe, the purchaser of the jeeps. Most of the jeeps were stowed in the hold but a substantial number were stowed on deck. On the voyage many of the jeeps stowed on deck were damaged and some were swept overboard in an encounter with heavy seas. Upon the ship's arrival at Santa Marta, Caribe inspected the shipment and fixed the damage to the consignment at some $81,000. It refused to pay the freight charges. By virtue of tacit understanding, though without any express agreement, plaintiff forebore to press for the freight charges and Caribe sought no further compensation. In Colombia the Statute of Limitations has run against any claim that either of these parties might have against the other.

Defendant had issued to plaintiff its policy of insurance insuring plaintiff against liability as charterer of the vessel. On that policy plaintiff has brought an action for the amount of the freight, not as freight per se but as the amount it was required to pay to settle Caribe's claim against it for cargo damage. Defendant resists the claim. Both sides moved for summary judgment, both maintaining that there are no disputed questions of fact. Special Term denied both motions on the ground that there are questions of fact. We do not see any.

Initially, it is not contested that an insured charterer under a marine policy may settle any claim against it arising under a risk covered by the policy and the insurer, subject to the reasonableness of the settlement, must make the insured whole. Foregoing the freight charge was a method of settlement and there can be no question of the reasonableness of the amount. The sole remaining element to constitute plaintiff's claim would be to show that the claim that was settled was for a risk insured against.

Caribe in asserting its claim against plaintiff never alleged that the stowage of the jeeps on the deck was improperly or negligently effected or that the damage to them so resulted.

What it did claim was that if any of the jeeps were to be stowed on deck, plaintiff should have given adequate notice that this was going to be done so that Caribe could have taken out insurance for any contingency that might have arisen. Whether or not this claim by Caribe would invoke liability on plaintiff's part is, for the purposes of this litigation, immaterial. Liability for a breach of the contract of carriage in this respect was not one of the risks insured against in the policy and this is not disputed.

Plaintiff argues first that, though this was the only claim appearing in the record asserted by Caribe, it might have asserted others. It also argues that while claims are barred in Colombia, suit might still be brought elsewhere and there is no showing that such a suit would be time barred. Neither of these contentions is viable. Assuming that there was a settlement it could only be a settlement of the claim actually made. While the measure of Caribe's damage was the damage suffered in respect to the cargo, the fault causing the damage was conduct not insured against. Furthermore, there was no showing that any action that Caribe might bring in any jurisdiction other than Colombia would be viable. And in the extremely unlikely event that such a suit did materialize, plaintiff could always call upon defendant to defend the action or abide by the consequences.

The order entered December 20, 1973, New York County (TYLER, J.) should be modified on the law to the extent of granting defendants' motion for summary judgment dismissing the complaint, and otherwise affirmed, with costs and disbursements.

NUNEZ, J. P., KUPFERMAN, MURPHY and TILZER, JJ., concur.

Order, Supreme Court, New York County, entered on December 20, 1973, unanimously modified, on the law, to the extent of granting defendants' motion for summary judgment dismissing the complaint, and otherwise affirmed. Defendants-appellants-respondents shall recover of plaintiff-respondent-appellant $60 costs and disbursements of this appeal.