Gabrielli, J.
The record establishes the absence of any defense to the action and, accordingly, plaintiff’s cross motion for summary judgment should have been granted.
Plaintiff, as assignee of Amber Maritime Corporation under a ship charterer’s liability policy issued to it by defendants, commenced this action for losses sustained as a result of cargo damage during a voyage from Gdynia, Poland to Santa Maria, Colombia. At Gdynia, a cargo of 300 jeeps was booked to Santa *541 Maria by Caribe Manufacturing Co., Ltda. (Caribe), a Colombian corporation. When the jeeps were loaded, 82 were stowed on deck and the bills of lading were invoiced to reflect the on-deck storage providing, in pertinent part that "[t]he shipper represents that the goods need not be stowed under deck unless the shipper informs the Carrier in writing before delivery of the goods to the Carrier that underdeck stowage is required. * * * Goods, whether or not shipped in containers, vans, or trailers, may be carried on deck at Carrier’s option and, if carried on deck, all risks of loss or damage by perils inherent in such carriage shall be borne by the shipper”.
En route, stormy weather was encountered and some of the on-deck stowed jeeps were damaged, seven being swept overboard. Upon arrival in Colombia, Caribe withheld payment of the freight due amounting to $60,903.47 against its cargo damage claim of $83,102. Caribe also formally complained that the carrier had breached its contract of carriage by failing to notify it of on-deck stowage of the jeeps.
The assured then promptly notified defendants of the claim and complaint against it and also requested the appointment of Colombian counsel to assist in resisting the cargo damage claim. Defendants, however, refused assistance to the assured and disclaimed liability. Thereupon, plaintiffs assignor sought the advice of American and Colombian counsel whose advice to forego the freight claim in order to avoid a countersuit for cargo damage, was followed.
After disclaimer by defendants, plaintiff commenced this action for the amount of the unpaid freight, not as freight per se but as the amount "paid” to settle Caribe’s claim for cargo damage.
As noted by the Appellate Division, and not here disputed, an insured under a maritime policy may settle claims against it and still recover under its policy so long as the settlement is found to be reasonable and the cause of the liability was an insured risk. That court held that "[f]oregoing the freight charge was a method of settlement and there can be no question of the reasonableness of the amount.” (Kuehne & Nagel v Baiden, 44 AD2d 296, 297.) Nonetheless, summary judgment was granted, in error we think, to defendants on the ground that (p 298) "the fault causing the damage was conduct not insured against”.
Plaintiff has urged, and with much logic, that Caribe could easily have proved a prima facie case against the carrier by *542 merely showing delivery of the cargo to the ship in good condition and receipt upon arrival in damaged condition. At that point, as urged by plaintiff, it would have the burden of going forward with evidence to refute the cargo owner’s case which, it avers, is lacking. Did Caribe have a cause of action against the carrier sounding in negligence—or—put another way, did plaintiff or the carrier, by refusing to attempt collection of the freight due, in fact settle the tort claim Caribe had against it? Both parties agree that neither the Hague Rules nor the U. S. Carriage of Goods by Sea Act (US Code, tit 46, § 1300 et seq.) apply to liability for on-deck storage. Applying the reasoning and logic underlying our decision in Sonnesen v Panama Transp. Co. (298 NY 262), we reach the result that the general law of common carriage is applicable. In that case, we held that a New York court may not take judicial notice of the maritime law of a foreign country and, thus, in its absence, we applied the general rules of maritime law to the case (p 267; see, also, CPLR 4511; McLaughlin, Practice Commentary, McKinney’s Cons. Laws of NY, Book 7B, CPLR 4511, 1974 Supp, pp 138-139; cf. Matter of Petrol Shipping Corp., 37 FRD 437, affd 360 F2d 103, cert den 385 US 931), and we do likewise in the case before us.
Even though a shipper agrees to or permits on-deck stowage, the carrier is liable if the goods carried are damaged by improper stowage (Pioneer Import Corp. v The Lafcomo, 138 F2d 907, cert den sub nom. Black Diamond Lines v Pioneer Import Corp., 321 US 766) and carriers have thus been held liable in tort for inadequately protecting and securing the cargo (Schwinger v Raymond, 83 NY 192, 200; Virgin Is. Corp. v Merwin Lighterage Co., 251 F2d 872, cert den 357 US 929).
With this background, we address ourselves to the respective claims regarding the burden of proof. Plaintiff has correctly urged that, as in bailment cases, Caribe could have proved a prima facie case by showing delivery of the cargo to the carrier in good condition and its damaged delivery, citing Nichimen Co. v M. V. Farland (462 F2d 319, 325), and that the carrier would then be obligated to prove its freedom from any negligence (Schnell v The Vallescura, 293 US 296). Conversely, defendants assert that the burden is upon the consignee to establish stowage, citing Globe Solvents Co. v The California (167 F2d 859) and The Monte Iciar (167 F2d 334), *543 where, however, the carriers succeeded in establishing damage from an excepted cause.*
In Schnell v The Vallescura (supra), Mr. Justice Stone, writing for a unanimous court, stated that (pp 303-304): "In general the burden rests upon the carrier of goods by sea to bring himself within any exception relieving him from the liability which the law otherwise imposes on him. This is true at common law with respect to the exceptions which the law itself annexed to his undertaking, such as his immunity from liability for act of God or the public enemy. * * * The rule applies equally with respect to other exceptions for which the law permits him to stipulate.
* * *
"The reason for the rule is apparent. He is a bailee entrusted with the shipper’s goods, with respect to the care and safe delivery of which the law imposes upon him an extraordinary duty. Discharge of the duty is peculiarly within his control. All the facts and circumstances upon which he may rely to relieve him of that duty are peculiarly within his knowledge and usually unknown to the shipper. In consequence, the law casts upon him the burden of the loss which he cannot explain or, explaining, bring within the exceptional case in which he is relieved from liability.” (Citations therein omitted.)
Plaintiff is entitled to summary judgment. It waived and settled its smaller claim for freight against Caribe on a reasonable and well-founded ground that the cargo owner possessed a provable larger claim for negligently damaged cargo, a claim against which the carrier could not prevail, as it reasonably believed, because of the inability to prove freedom from negligence. Here, defendants have been unable "to
*544 submit evidentiary facts or materials, by affidavit or otherwise, rebutting * * * [its adversary’s case] and demonstrating the existence of a triable issue of ultimate fact” (Indig v Finkelstein, 23 NY2d 728, 729). Facts appearing in the movant’s papers which the opposing party does not controvert, may be deemed to be admitted (Laye v Shepard, 48 Misc 2d 478, affd 25 AD2d 498; Siegel, Practice Commentaries, McKinney’s Cons. Laws of NY, Book 7B, CPLR 3212:16, p 437), and where there are cross motions for summary judgment, in the absence of either party challenging the verity of the alleged facts, as is true in the instant case, there is, in effect, a concession that no question of fact exists (cf. Schifter v Commercial Travelers Mut. Acc. Assn., 183 Misc 74, affd 269 App Div 706; see, also, Ann., 36 ALR2d 881). It follows that plaintiff reasonably settled the damage claim advanced by the owner of the cargo, a risk insured by defendants.
Accordingly, the order of the Appellate Division should be reversed, defendants’ motion should be denied and plaintiff’s cross motion should be granted, with costs.
Chief Judge Breitel and Judges Jasen, Jones, Wachtler, Fuchsberg and Cooke concur.
Order reversed, etc.

 Defendants have resisted liability on the additional ground that the damage suffered by Caribe was an excepted cause, that is, that the exculpatory clause in the bills of lading purporting to exonerate plaintiff from all risks, operated to nullify any claim Caribe would have had against plaintiff. However, the law does not permit a carrier to except its liability for negligence (Schnell v The Vallescura, 293 US 296, 304, supra; ; Isthmian S. S. Co. v Martin, 170 F2d 25, 27; Pioneer Import Corp. v The Lafcomo, 138 F2d 907, supra; cf. Liverpool & Great Western Steam Co. v Phenix Ins. Co., 129 US 397; see, also, 80 CJS, Shipping, § 131, subd c, par [2]). Thus, in Pioneer Import (supra), it was held that where a shipper arranged for carriage of goods with the notation on the bills of lading "Shipped on deck at shipper’s risk”, the carrier was still liable for negligent stowage. The court said that "[t]he shipper accepted the risk of. losses from carriage on deck only so far as they occurred under proper stowage” (p 908).