■ ALBERT SHANKER, as President of the American Federation of Teachers, AFL-CIO, et al., Respondents, v HAROLD ISENBERG, Individually and as President of the Federation of Catholic Teachers, Appellant. — Appeal from an order and judgment of the Supreme Court at Special Term (Kahn, J.), entered November 17, 1982 in Albany County, which, *inter alia,* granted plaintiffs' cross motion for summary judgment upon their first cause of action. At issue on this appeal is whether, under the circumstances presented, the Federation of Catholic Teachers (FCT) is liable for the payment of dues to its national union, the American Federation of Teachers (AFT), up to the date of its disaffiliation on April 20, 1981 and, if so, in what amount. Organized in 1970 to unionize teachers in Catholic schools in the Archdiocese of New York, FCT became obligated to pay dues to its parent union, AFT, as well as New York State United Teachers (NYSUT), the transmittal agent for FCT dues owed AFT. The dues are a per capita obligation dependent upon membership. In September, 1976, FCT fell behind in the payment of dues to both organizations and never became current thereafter. However, during this five-year period, defendant actually paid over $97,000 in per capita taxes and dues in an effort to become current in its obligation to AFT. On this appeal, FCT contends these payments were made when, according to the provisions of the constitution of both AFT and NYSUT, FCT was automatically suspended from membership in those organizations, although never properly notified thereof. FCT argues that during such suspended status, they did not receive the services and representation that were afforded to members in good standing and, accordingly, they are entitled to reimbursement as sought in the counterclaims interposed in this action. AFT contends, on the other hand, that although FCT was suspended from membership in December of 1976 for failure to pay its per capita tax obligation, the only sanction imposed was suspension of its right to be

represented at plaintiffs' annual convention. Notwithstanding the fact that the language of the constitutions and by-laws may be arguably ambiguous, the fact remains that FCT did receive benefits from AFT and NYSUT and never objected to dues payment requests and, in fact, made payments of at least $97,407 in dues. Both parties have moved for summary judgment, each asserting that there are no triable issues of fact. Accordingly, since both sides admit there are no issues of fact to be tried, Special Term properly disposed of the summary judgment motions (see *Kuehne & Nagel v Baiden*, 36 NY2d 539, 544; *Matter of Metromedia, Inc. [Foster & Kleiser Div.] v Tax Comm. of City of N.Y.*, 106 Misc 2d 1001, 1002, revd on other grounds 91 AD2d 107). Since other material presented by defendant in its motion papers consists essentially of conclusory allegations, rather than parol evidence, the issue presented can be determined solely by reference to plaintiffs' constitutions and by-laws (*Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.*, 32 NY2d 285, 290-291). In our view, these documents demonstrate that a suspension from membership does not sever the ties of an affiliated union, but is a lesser penalty imposed for the nonpayment of dues. The charter remains intact, the duty to pay dues continues, as does the obligation of AFT and NYSUT to provide the requisite membership benefits to FCT, other than convention participation. Accordingly, Special Term was correct in granting summary judgment to plaintiffs on their first cause of action. However, Special Term improperly fixed the amount of damages. This issue is still in dispute and there must be a resolution of the question of the quantity of any membership benefits provided to FCT during its period of suspension. Particularly, since plaintiffs have admitted that the exact amount of dues owed by FCT is unknown, as is the number of its members upon which a per capita tax may be imposed, a further hearing must be conducted to determine the appropriate amount of damages to be awarded on plaintiffs' first cause of action. The counterclaims imposed raise separate issues not passed upon on this appeal. Order and judgment modified, on the law, by deleting that portion thereof which awarded monetary damages, and, as so modified, affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.