■ WILLIAM BOYLE et al., Respondents-Appellants, v CITY OF NEW YORK, Defendant and Third-Party Plaintiff. HOUGEN MANUFACTURING, INC.,Third-Party Defendant-Appellant-Respondent. [914 NYS2d 126]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered October 27, 2009, which denied third-party defendant Hougen's motion for summary judgment as to the strict products liability causes of action based on design defect, manufacturing defect and failure to warn, and granted the motion as to the negligent design, manufacturing and failure to warn and the breach of implied and express warranty causes of action, unanimously modified, on the law, to grant the motion as to the strict products liability cause of action based on failure to warn and to deny the motion as to the negligent design and manufacturing causes of action, and otherwise affirmed, without costs.

With regard to the strict products liability causes of action based on design and manufacturing defects, the motion was correctly denied. Hougen failed to meet its initial burden of establishing prima facie entitlement to judgment as a matter of law. Its expert failed to set forth any information demonstrating that the subject drill was "designed and manufactured under state of the art conditions," "that its manufacturing process complied with applicable industry standards" or that proper testing and inspection was performed on the products before they left defendant's possession (*Ramos v Howard Indus., Inc.*, 10 NY3d 218, 223-224 [2008]). The expert's affirmation was replete with speculation and did little more than attempt to disprove plaintiff's version of the facts. It failed to establish that the drill, as designed and manufactured, was reasonably safe. However, the strict products liability cause of action based on failure to warn should have been dismissed because the injured plaintiff admitted that he never read the instruction manual (*see Yun Tung Chow v Reckitt & Colman, Inc.*, 69 AD3d 413, 414 [2010]).

The cause of action for negligent design fails because there is no evidence that the alleged design defects were the result of negligence or lack of care on Hougen's part. The cause of action for negligent manufacture is viable, however, because it is predicated on the same facts as the cause of action for strict products liability based on manufacturing defect (*see Searle v Suburban Propane Div. of Quantum Chem. Corp.*, 263 AD2d 335, 338-339 [2000]).

The court properly declined to sanction plaintiff for spoliation by dismissing the manufacturing defect causes of action because

there is no evidence that the injured plaintiff disposed of the drill either intentionally or negligently with knowledge of its potential evidentiary value (*see Diaz v Rose*, 40 AD3d 429 [2007]).

Finally, as to the breach of warranty and negligent failure to warn causes of action, plaintiffs failed to controvert the relevant facts outlined in Hougen's motion papers (*see Kuehne & Nagel v Baiden*, 36 NY2d 539, 544 [1975]). Concur—Saxe, J.P., Nardelli, McGuire, Freedman and Abdus-Salaam, JJ.