SEAN REEPS, an Infant by his Father, GUY REEPS, Respondent, v BMW OF NORTH AMERICA, LLC, et al., Appellants. [941 NYS2d 597]—

Order, Supreme Court, New York County (Louis B. York, J.), entered July 19, 2011, which, insofar as appealed from, denied defendants' respective motions for summary judgment dismissing the complaint as against them, unanimously modified, on the law, to grant Hassel Motors Inc.'s motion as to the strict products liability and breach of warranty claims, and otherwise affirmed, without costs.

Plaintiff alleges that he was injured in utero as a result of his mother's inhalation of gasoline fumes in a BMW automobile with a defective, i.e., split, fuel hose. Defendants contend that plaintiff's parents' failure to preserve the vehicle warrants dismissal of the complaint. However, they failed to demonstrate that the parents disposed of the vehicle with knowledge of its potential evidentiary value (*see Shapiro v Boulevard Hous. Corp.*, 70 AD3d 474, 476 [2010]; *Burch v New York City Hous. Auth.*, 72 AD3d 551 [2010]). Moreover, in view of other existing evidence, including BMW's recall bulletin and Hassel's service records for the relevant period, the loss of the opportunity to inspect the vehicle did not deprive defendants of the means of establishing their defense against the allegations that the BMW defendants (BMW) negligently manufactured the vehicle and that Hassel negligently serviced it.

We find, contrary to the motion court, that BMW established prima facie that the vehicle was not defective and that plaintiff's injuries are not attributable to a product defect, by submitting

an expert affidavit stating that the vehicle's fuel system was state of the art for vehicles of its class on the market at the relevant time, that the vehicle was designed with features that minimized the passage of fuel vapors directly from the engine compartment to the passenger cabin, and that the vehicle was built in accordance with industry standards (*see Boyle v City of New York*, 79 AD3d 664 [2010]). However, plaintiff met her burden of submitting evidence that raised the inference that the fuel hose, as designed, was not reasonably safe, and that excluded all other possible causes of the defective condition of the fuel hose, including road debris, rodents, and negligent inspection (*see Speller v Sears, Roebuck & Co.*, 100 NY2d 38, 41 [2003]).

Hassel established, and plaintiff does not dispute, that it did not design, manufacture, distribute or sell the vehicle, and therefore that the product liability and breach of express and implied warranties claims should be dismissed as against it (*see Sukljian v Ross & Son Co.*, 69 NY2d 89, 95 [1986]). Contrary to its contention, the defense of laches is unavailable to Hassel since this is an action at law, in which no form of equitable relief is sought, and was commenced within the applicable statutory limitations period (*see Republic Ins. Co. v Real Dev. Co.*, 161 AD2d 189, 190 [1990]; *see also* CPLR 208).

Martin's motion for leave to serve a late cross motion for summary judgment was unsupported by a showing of "good cause" for the delay in making the motion and emphasized only the lack of prejudice to the other parties (CPLR 3212 [a]; *see Brill v City of New York*, 2 NY3d 648, 652 [2004]). Concur—Mazzarelli, J.P., Saxe, Moskowitz, Manzanet-Daniels and Román, JJ. **[Prior Case History: 2011 NY Slip Op 32006(U).]**