Beechler v Kill Bros. Co. (2019 NY Slip Op 01993)





Beechler v Kill Bros. Co.


2019 NY Slip Op 01993


Decided on March 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


1394 CA 18-01170

[*1]DIANA BEECHLER AND NICHOLAS BEECHLER, PLAINTIFFS-RESPONDENTS,
v
KILL BROTHERS COMPANY, ALSO KNOWN AS KILLBROS., UNVERFERTH MANUFACTURING COMPANY, INC., AND BENTLEY BROS., INC., DEFENDANTS-APPELLANTS. 






CHELUS, HERDZIK, SPEYER & MONTE, P.C., BUFFALO (THOMAS J. SPEYER OF COUNSEL), FOR DEFENDANTS-APPELLANTS KILL BROTHERS COMPANY, ALSO KNOWN AS KILLBROS. AND UNVERFERTH MANUFACTURING COMPANY, INC. 
GOLDBERG SEGALLA LLP, ROCHESTER (RAUL E. MARTINEZ OF COUNSEL), FOR DEFENDANT-APPELLANT BENTLEY BROS., INC.
LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 


 Appeals from an order of the Supreme Court, Genesee County (Emilio L. Colaiacovo, J.), entered May 22, 2018. The order denied the motion of defendants Kill Brothers Company, also known as Killbros., and Unverferth Manufacturing Company, Inc. for summary judgment dismissing the complaint against them and denied the motion of defendant Bentley Bros., Inc. for partial summary judgment dismissing the fourth cause of action against it. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motions are granted, the complaint against defendants Kill Brothers Company, also known as Killbros., and Unverferth Manufacturing Company, Inc., is dismissed, and the fourth cause of action against defendant Bentley Bros., Inc. is dismissed.
Memorandum: While Diana Beechler (plaintiff) was working inside of a piece of farm equipment known as a grain cart, she lost her footing and her right leg became caught in a rotating auger. Thereafter, plaintiffs commenced this action against defendant Kill Brothers Company, also known as Killbros., and defendant Unverferth Manufacturing Company, Inc. (collectively, the Killbros defendants), and defendant Bentley Bros., Inc. (Bentley), seeking to recover damages for injuries that plaintiff sustained in the accident. In the complaint, plaintiffs asserted, inter alia, causes of action against the Killbros defendants based upon strict products liability and negligent design and manufacture, and a cause of action against Bentley based upon strict products liability. The Killbros defendants moved for summary judgment dismissing the complaint against them, and Bentley moved for partial summary judgment dismissing the strict products liability cause of action against it. We agree with defendants that Supreme Court erred in denying those motions. We therefore reverse the order, grant the motions, dismiss the complaint against the Killbros defendants, and dismiss the strict products liability cause of action against Bentley.
In the respective motions, defendants established their entitlement to summary judgment dismissing the strict products liability causes of action insofar as they are predicated on a manufacturing defect theory "by presenting competent evidence that [the] product was not defective" (Ramos v Howard Indus., Inc., 10 NY3d 218, 221 [2008]; see Cassatt v Zimmer, Inc., 161 AD3d 1549, 1550 [4th Dept 2018]), that is, that the product performed as intended and was not defective when it left the manufacturer's control (see Wesp v Carl Zeiss, Inc., 11 AD3d 965, 968 [4th Dept 2004]). In support of their motions, defendants submitted the testimony of the [*2]Killbros defendants' production manager and foreman, who described the process of assembling a grain cart, during which a steel safety guard was welded over the exposed portion of auger on every grain cart. The deposition testimony further established that the guard was present on this particular unit at the time it left the manufacturer's control. Furthermore, the Killbros defendants submitted the affidavit of an expert, which was incorporated by reference into Bentley's moving papers, who opined that plaintiff's injuries would not have occurred if the steel safety guard had not been removed. Even assuming, arguendo, that the evidence submitted by plaintiffs in opposition to the motion demonstrated that the condition of the steps inside the grain cart constituted a manufacturing defect, we conclude that such evidence failed to raise an issue of fact inasmuch as defendants established that the absence of the guard, not the condition of the steps, was the proximate cause of plaintiff's injuries (cf. Rutherford v Signode Corp., 11 AD3d 922, 922-923 [4th Dept 2004], lv denied 4 NY3d 702 [2005]).
Defendants established their entitlement to summary judgment dismissing the strict products liability causes of action insofar as they are predicated on a design defect theory by submitting evidence that the product was reasonably safe (see Voss v Black & Decker Mfg. Co., 59 NY2d 102, 107 [1983]; see generally Denny v Ford Motor Co., 87 NY2d 248, 256-257 [1995], rearg denied 87 NY2d 969 [1996]). The Killbros defendants' expert averred that the steel safety guard was manufactured in accordance with industry standards, was designed to last the life of the product, and was "state of the art" inasmuch as it was permanently welded to the interior of the grain cart and could not be removed except by using an acetylene torch or other such heavy-duty tool (see Reeps v BMW of N. Am., LLC, 94 AD3d 475, 475-476 [1st Dept 2012]; Guzzi v City of New York, 84 AD3d 871, 873 [2d Dept 2011]; Wesp, 11 AD3d at 967). Plaintiffs failed to raise an issue of fact whether the grain cart, "as designed, was not reasonably safe because there was a substantial likelihood of harm and it was feasible to design the product in a safer manner" (Voss, 59 NY2d at 108; see Stalker v Goodyear Tire & Rubber Co., 60 AD3d 1173, 1175 [3d Dept 2009]). Although plaintiffs' expert averred that certain features of the grain cart violated industry standards, we conclude that none of the standards upon which he relied are applicable here.
Likewise, we conclude that the Killbros defendants are entitled to summary judgment dismissing the cause of action against them alleging negligent design and manufacture. "[I]nasmuch as there is almost no difference between a prima facie case in negligence and one in strict liability," we conclude that plaintiffs similarly failed to raise an issue of fact with respect to their cause of action for negligent design and manufacture (Preston v Peter Luger Enters., Inc., 51 AD3d 1322, 1325 [3d Dept 2008]; see generally Hokenson v Sears, Roebuck & Co., 159 AD3d 1501, 1502 [4th Dept 2018]).
Finally, we note that, in plaintiffs' responses to the Killbros defendants' interrogatories, plaintiffs asserted additional theories of liability. One was that the Killbros defendants were negligent in failing to warn plaintiff about a dangerous condition. The other was based on a breach of implied warranty, which was presumably restricted to the strict products liability cause of action asserted in the complaint. Plaintiffs did not oppose defendants' motions with respect to either of those theories in the motion court or in their appellate brief. We thus deem plaintiffs to have abandoned those theories, and any causes of action based upon them must therefore be dismissed (see Mortka v K-Mart Corp., 222 AD2d 804, 804 [3d Dept 1995]).
Entered: March 15, 2019
Mark W. Bennett
Clerk of the Court