Garner v Rosa Coplon Jewish Home & Infirmary (2020 NY Slip Op 07767)





Garner v Rosa Coplon Jewish Home & Infirmary


2020 NY Slip Op 07767


Decided on December 23, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., NEMOYER, CURRAN, TROUTMAN, AND DEJOSEPH, JJ.


784 CA 19-01516

[*1]SADIE GARNER, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF LUCILLE LOVING, DECEASED, PLAINTIFF-APPELLANT,
v
ROSA COPLON JEWISH HOME AND INFIRMARY, ROSA COPLON JEWISH HOME AND INFIRMARY, INC., MENORAH CAMPUS ADULT HOME, INC., MENORAH CAMPUS, INC., MENORAH LICENSED HOME CARE AGENCY, THE HARRY AND JEANETTE WEINBERG CAMPUS, AND WEINBERG CAMPUS, DEFENDANTS-RESPONDENTS. (APPEAL NO. 1.) 






BROWN CHIARI LLP, BUFFALO (ANGELO S. GAMBINO OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
ROACH, BROWN, MCCARTHY & GRUBER, P.C., BUFFALO (MEGHANN N. ROEHL OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (Frank A. Sedita, III, J.), entered February 28, 2019. The order granted the motion of defendants for summary judgment and dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In these consolidated appeals arising from an action seeking damages for nursing home malpractice, plaintiff appeals, in appeal No. 1, from an order granting defendants' motion for summary judgment dismissing the complaint. In appeal No. 2, plaintiff appeals from a further order granting defendants' motion pursuant to CPLR 3211 (a) (5) to dismiss a subsequent complaint that made the same allegations as the complaint in the prior action, i.e., the action that was dismissed in appeal No. 1. Contrary to plaintiff's contention in appeal No. 1, Supreme Court properly granted defendants' motion. Defendants "ma[d]e a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Inasmuch as plaintiff's opposing papers were not timely submitted pursuant to the court's scheduling order, the court declined to consider them, and thus plaintiff failed to raise a triable issue of fact in opposition (see generally id.).
Contrary to plaintiff's contention, the court did not abuse its discretion in declining to consider the papers submitted in opposition to the motion. The court's scheduling order, with which defendants complied in making their motion, unequivocally stated that responding papers were to be served within 30 days of receipt of the moving papers. The motion papers reiterated that deadline. Plaintiff concedes that the responding papers were not filed within that time limit, but contends that they were timely pursuant to CPLR 2214 (b). We disagree. Plaintiff failed to seek leave of court to file after the deadline set forth in the scheduling order, and did not submit any reason for the delay other than a vague claim that amounts to law office failure, which the motion court found incredible. "If the credibility of court orders and the integrity of our judicial system are to be maintained, a litigant cannot ignore court orders with impunity" (Kihl v Pfeffer, 94 NY2d 118, 123 [1999]; see Harrington v Palmer Mobile Homes, Inc., 71 AD3d 1274, 1275 [3d Dept 2010]; see generally Brill v City of New York, 2 NY3d 648, 652-653 [2004]). In light [*2]of plaintiff's failure to establish, or even allege, good cause for the delay, plaintiff's contentions concerning the lack of prejudice to defendants do not require a different result (see generally Reeps v BMW of N. Am., LLC, 94 AD3d 475, 476 [1st Dept 2012]; Coty v County of Clinton, 42 AD3d 612, 614 [3d Dept 2007]). An untimely response "is not permitted simply because it has merit and the adversary is not prejudiced" (Tower Ins. Co. of N.Y. v Razy Assoc., 37 AD3d 702, 703 [2d Dept 2007]).
Contrary to plaintiff's contention in appeal No. 2, "CPLR 205 (a) . . . does not apply herein inasmuch as the prior action was dismissed on the merits" (Moran v JRM Contr., Inc., 145 AD3d 1584, 1586 [4th Dept 2016], lv denied 29 NY3d 904 [2017]). Although the court struck the words "on the merits" from the ordering paragraph of the order in appeal No. 1, the order further indicated that the complaint was dismissed with prejudice, and "[a] dismissal 'with prejudice' generally signifies that the court intended to dismiss the action 'on the merits,' that is, to bring the action to a final conclusion against the plaintiff" (Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp., 93 NY2d 375, 380 [1999]; see State of New York Mtge. Agency v Massarelli, 167 AD3d 1296, 1296-1297 [3d Dept 2018]; Aard-Vark Agency, Ltd. v Prager, 8 AD3d 508, 509 [2d Dept 2004]). In addition, the order in appeal No. 1 indicated that the court granted defendants' motion, which sought "an Order granting Summary Judgment dismissing the Complaint and any and all claims against Defendants on the merits and with prejudice." Finally, that order further indicated that the court was granting summary judgment "for the reasons set forth in the attached transcript" of the bench decision, in which the court unequivocally concluded that defendants met their burden on the motion and plaintiff failed to raise a triable issue of fact in opposition. Thus, although the order conflicts with the decision, "[i]t is well settled that, '[w]here, as here, there is a conflict between an order and a decision, the decision controls' " (Nicastro v New York Cent. Mut. Fire Ins. Co., 117 AD3d 1545, 1546 [4th Dept 2014], lv dismissed 24 NY3d 998 [2014]; see Matter of Coughlin v Coughlin, 147 AD3d 1485, 1485 [4th Dept 2017]), and we therefore conclude that the complaint in appeal No. 1 was dismissed on the merits.
Entered: December 23, 2020
Mark W. Bennett
Clerk of the Court