Belplain Realty Co. Inc v Caro (2025 NY Slip Op 50740(U))

[*1]

Belplain Realty Co. Inc v Caro

2025 NY Slip Op 50740(U)

Decided on April 3, 2025

Civil Court Of The City Of New York, Bronx County

Tovar, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 3, 2025
Civil Court of the City of New York, Bronx County

Belplain Realty Company Inc, Petitioner(s),

against
Natalie N. Caro, Respondent(s).

Index No. LT-329261-23/BX

Novick Edelstein Pomerantz, PC Firm
733 Yonkers Ave 
Yonkers, New York 10704 
Frances E. Lim, Esq. 
Attorneys for the Petitioner
Mobilization for Justice, Inc. Firm
424 EAST 147TH STREET, 3RD FLOOR 
Bronx, New York 10455 
Alana Murphy of Counsel to Tiffany Liston, Esq. 
Attorneys for the Respondent

Bryant F. Tovar, J.

Recitation, as required by CPLR 2219(a), of the papers considered in the review of this motion:
Papers Numbered
Order to show Cause/ Notice of Motion and Affidavits /Affirmations annexed 1-2
Answering Affidavits/ Affirmations 6
Reply Affidavits/ Affirmations 12
Memoranda of Law 3
Other 4-5, 7-10,11
Upon the foregoing cited papers, the Decision/ Order on the motion is granted for the following reason(s):
BACKGROUND AND PROCEDURAL HISTORY
Prior to the commencement of this proceeding, Belplain Realty Company Inc (Petitioner) caused a rent demand to be served upon Natalie N. Caro (Respondent), which stated in part:
" . . . PLEASE TAKE NOTICE that you are hereby required to pay to BELPLAIN [*2]REALTY COMPANY INC, landlord of above described Premises, the sum of $3,093.21 for rent of the premises as follows:
MAY 23 $1,031.07
APR 23 $1,031.07
MAR 23 $1,031.07
You are required to pay within FOURTEEN (14) days from the day of service of this notices on or before 06/29/2023 or give up possession of the premises to the landlord. If you fail to pay or give up the premises, the landlord will commence summary proceedings against you to recover possession of the premises. This demand is without prejudice to landlord's claim for legal fees, late fees and any other charges other than rent which may be due and landlord reserves the right to commence a plenary lawsuit to collect any or all of same . . . " [sic].
(NY St Cts Elec Filing [NYSCEF] Doc No. 1, petition, at 3)
Subsequently, the petitioner commenced this non-payment proceeding against the respondent seeking $3093.21 in rent pursuant to a rent-stabilized lease between the parties for Apartment 4E (subject premises) located within 2319 Belmont Avenue, Bronx, New York, 10458 (subject building) (NY St Cts Elec Filing [NYSCEF] Doc No. 1, petition). The respondent failed to file an answer, and the petitioner filed for a default warrant with the court based upon the respondent's failure to file an answer (NYSCEF Doc No. 5). The respondent obtained an order to show cause returnable on January 26, 2024, at 9:30 a.m. The order to show cause was adjourned to March 6, 2024, at 9:30 a.m. for the respondent to obtain counsel and for a court referral to Adult Protective Services (APS). The proceeding was adjourned several times for the results of the APS referral. On June 27, 2024, the court was informed by APS the referral was declined and the proceeding was adjourned for a Guardian Ad Litem (GAL) to be appointed for the respondent. Paula Campbell was appointed as the GAL for the respondent (NYSCEF Doc No. 12). The proceeding was then adjourned to September 23, 2024, at 9:30 for the GAL to meet with the respondent. When the parties returned to court the proceeding was adjourned to November 6, 2024, at 9:30 a.m. for the respondent to seek counsel. The proceeding then was adjourned to December 17, 2024, for a pre-trial conference. In the interim Mobilization for Justice filed a notice of appearance for the GAL (NYSCEF Doc No. 13).
The respondent's counsel then filed a motion for dismissal pursuant to Civil Practice Law and Rules (CPLR) § 3211(a)(7) on the grounds the rent demand is defective as the subject premises is covered under the Cares Act (15 U.S.C. § 9058(c)(1)) (NYSCEF Doc No. 14, at ¶1) and consequently a 30-day notice is required. The petitioner opposes countering the Cares Act is inapplicable to this proceeding. The petitioner argues the rent demand is not covered by the Cares Act, which covers "a notice to vacate" (NYSCEF Doc No. 19, ¶14). The petitioner attempts to contrast the rent demand which " . . . does not require Respondent to vacate, and, essentially gives a tenant a right to cure the failure to pay rent" as opposed to a notice to vacate, which is " . . . .. an unequivocal notice requiring an individual to vacate or surrender under threat of a summary proceeding is made." (NYSCEF Doc No. 19, ¶15-16). The petitioner encourages the court to adopt this "plain language" and "natural reading" of the Cares Act or in the alternative to find the subject premises are not a covered property as the "Respondent has not demonstrated as a matter of law that the loan itself is directly backed by federal funds" (NYSCEF Doc No. 19, ¶25)
LAW AND ITS APPLICATION
CPLR § 3211(a) allows a party to " . . . move for judgment dismissing one or more causes of action asserted against him..", in this proceeding the respondent moves pursuant to: "1. a defense is founded upon documentary evidence . . . " and " . . . 7. the pleading fails to state a cause of action."
To prevail on a motion to dismiss the complaint pursuant to CPLR § 3211(a)(7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory. (see Leon v Martinez, 84 NY2d 83, 87, 638 NE2d 511 [1994]; Breytman v Olinville Realty, LLC, 54 AD3d 703, 703-704, 864 NYS2d 70 [2nd Dept. 2008]). A CPLR § 3211(a) (7) motion "must be denied 'unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it.'" (Sokol v Leader, 74 AD3d 1180, 1182, 904 NYS2d 153 [2nd Dept. 2010] quoting Guggenheimer v Ginzburg, 43 NY2d 268, 275, 401 NYS2d 182 [1977]).
COVERED PROPERTY & COVERED DWELLING
The relevant portion of the Cares Act definitions state:
"(a) Definitions In this section:
(1) Covered dwelling The term "covered dwelling" means a dwelling that—
(A) is occupied by a tenant—
(i) pursuant to a residential lease; or
(ii) without a lease or with a lease terminable under State law; and
(B) is on or in a covered property.
(2) Covered property The term "covered property" means any property that—
(A) participates in—
(i) a covered housing program (as defined in section 12491(a) of title 34); or
(ii) the rural housing voucher program under section 1490r of title 42; or
(B) has a—
(i) Federally backed mortgage loan; or
(ii) Federally backed multifamily mortgage loan."
The respondent's GAL's motion alleges the subject building has a mortgage in connection with the Federal National Mortgage Association (Fannie Mae) and attaches in support of this proposition a copy of the deed for the subject building (NYSCEF Doc No. 16 & 17). The deed shows that "JPMorgan CHASE BANK, N.A." " . . . . hereby sells, transfers, sets over and assigns" " . . . all of its entire right, title and interest in and to the Amended and Restated Mortgage described on Schedule 1 . . . " to "FANNIE MAE" (NYSCEF Doc No. 17).
The Cares Act defines a "Federally backed mortgage loan" or a "Federally backed multifamily mortgage loan" as follows:
"(4) Federally backed mortgage loan The term "Federally backed mortgage loan" includes any loan (other than temporary financing such as a construction loan) that—
(A) is secured by a first or subordinate lien on residential real property (including individual units of condominiums and cooperatives) designed principally for the occupancy of from 1 to 4 families, including any such secured loan, the proceeds of which are used to prepay or pay off an existing loan secured by the same property; and
(B) is made in whole or in part, or insured, guaranteed, supplemented, or assisted in any [*3]way, by any officer or agency of the Federal Government or under or in connection with a housing or urban development program administered by the Secretary of Housing and Urban Development or a housing or related program administered by any other such officer or agency, or is purchased or securitized by the Federal Home Loan Mortgage Corporation or the Federal National Mortgage Association.
(5) Federally backed multifamily mortgage loan The term "Federally backed multifamily mortgage loan" includes any loan (other than temporary financing such as a construction loan) that—
(A) is secured by a first or subordinate lien on residential multifamily real property designed principally for the occupancy of 5 or more families, including any such secured loan, the proceeds of which are used to prepay or pay off an existing loan secured by the same property; and
(B) is made in whole or in part, or insured, guaranteed, supplemented, or assisted in any way, by any officer or agency of the Federal Government or under or in connection with a housing or urban development program administered by the Secretary of Housing and Urban Development or a housing or related program administered by any other such officer or agency, or is purchased or securitized by the Federal Home Loan Mortgage Corporation or the Federal National Mortgage Association."
Both definitions of a "Federally backed mortgage loan" or a "Federally backed multifamily mortgage loan" include the language " . . . or is purchased . . . " " . . . by the Federal Home Loan Mortgage Corporation or the Federal National Mortgage Association."
In this proceeding "JPMORGAN CHASE BANK, N.A." sold the mortgage of the subject building to Fannie Mae, or in other words, Fannie Mae purchased (emphasis added) the subject building from "JPMORGAN CHASE BANK, N.A.". In accordance with the "plain language" and "natural reading" of the Cares Act, when Fannie Mae purchased the mortgage from "JPMORGAN CHASE BANK, N.A" the subject building's mortgage became either a "Federally backed mortgage loan" or a "Federally backed multifamily mortgage loan", as covered by the Cares Act.[FN1]

The court notes, the petitioner does not oppose respondent's allegation, that the subject premises are a covered dwelling. When a respondent fails to oppose matters advanced on a motion, the facts alleged in the mov- ing papers may be deemed admitted by the Court (Kuehne & Nagel, Inc. v. Baiden, 36 NY2d 539, 369 N.Y.S.2d 667, 369 N.Y.S.2d 667, 330 N.E.2d 624 [1975]; Madeline D'Anthony Enter., Inc. V. Sokolowsky, 101 AD3d 606, 957 N.Y.S.2d 88 [1st Dept.2012]; Argent Mtge. Co., LLC v. Mentesana, 79 AD3d 1079, 915 N.Y.S.2d 591 [2nd Dept.2010] ). see Commissioners of State Ins. Fund v Garcia, 49 Misc 3d 875, 877 [Sup Ct 2015]. The court notes this decision is predicated upon the petitioner's failure to provide an explanation, or even an affidavit in support from a person familiar with the terms and conditions of the subject buildings mortgage. The insufficiency of peti- tioner's opposition leaves the court to follow the "plain language" and "natural reading" of the law regarding JP Morgan Chase's sale of the subject buildings mortgage to Fannie Mae as no issue of fact was raised regarding the [*4]effect of the sale of the mortgage.
TYPE OF NOTICE TO BE SERVED
The petitioner argues the rent demand does not require the respondent to unequivocally vacate instead allowing the respondent to cure. The pertinent portion of the rent demand states: "You are required to pay within FOURTEEN (14) days from the day of service of this notices on or before 06/2023 or give up possession of the premises to the landlord. If you fail to pay or give up the premises, the landlord will commence summary proceedings against you to recover possession of the premises . . . " A "plain language" and "natural reading" of the rent demand, explicitly states the respondent must pay the rent or give up possession of the subject premises within 14 days from service of the rent demand. To give up possession of the subject premises means the respondent would vacate and surrender possession of the subject premises to the petitioner within 14 days. The Cares Act states:
"(c) Notice The lessor of a covered dwelling unit—
(1) may not require the tenant to vacate the covered dwelling unit before the date that is 30 days after the date on which the lessor provides the tenant with a notice to vacate; and
(2) may not issue a notice to vacate under paragraph (1) until after the expiration of the period described in subsection (b)"
As established above the subject premises are a covered dwelling and the subject building is a covered property under the Cares Act. Pursuant to the Cares Act, the petitioner was required to serve a 30-day notice, the petitioner's failure to do so renders the rent demand defective.
CONCLUSION
The undisputed and unchallenged purchase of the mortgage of the subject building by the Federal National Mortgage Association renders the subject premises a covered dwelling under the Cares Act. Consequently, the proceeding is dismissed pursuant to CPLR § 3211 as the rent demand is defective in that it sought for the respondent to vacate within 14-days rather than 30-days. Consequently, respondent's motion to dismiss is granted and the proceeding is dismissed without prejudice. This constitutes the decision and order of the court.
Date: April 3, 2025
Hon. Bryant F. Tovar
Housing Court Judge

Footnotes

Footnote 1:petitioner does not oppose the respondent's assertion that the subject building was sold to Fannie Mae, accordingly this fact is deemed admitted by this court