Providence Constr. Corp. v Silverite Constr. Co. Inc. (2025 NY Slip Op 03777)

Providence Constr. Corp. v Silverite Constr. Co. Inc.

2025 NY Slip Op 03777

Decided on June 24, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 24, 2025

Before: Moulton, J.P., Gesmer, Scarpulla, Rosado, O'Neill Levy, JJ. 

Index No. 650967/19, 595311/19|Appeal No. 4614|Case No. 2024-04168|

[*1]Providence Construction Corp., Plaintiff-Appellant,
v
Silverite Construction Company Inc., et al., Defendants-Respondents.

Silverite Construction Company Inc., Third-Party Plaintiff-Respondent,
v
Westchester Fire Insurance Company, Third-Party Defendant-Appellant.

Law Offices of Scott M. Yaffe, New York (Scott M. Yaffe of counsel), for appellants.
Armstrong Teasdale LLP, St. Louis, MO (Paul L. Brusati of the bar of the State of Missouri, admitted pro hac vice, of counsel), for respondents.

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered on or about June 10, 2024, which denied plaintiff's motion for summary judgment on its breach of contract cause of action as against all defendants, denied plaintiff's motion for summary judgment dismissing Silverite Construction Company Inc.'s counterclaim as against it and Silverite's third-party complaint as against Westchester Fire Insurance Company, and denied plaintiff's claim for legal fees and costs under the subcontract's terms, unanimously modified, on the law, to grant plaintiff's motion for summary judgment dismissing Silverite's third-party complaint, and otherwise affirmed, without costs.
Plaintiff entered into a subcontract with defendant Silverite, a general contractor, to perform masonry work on a construction project. The subcontract provided that plaintiff would be paid a lump sum price to "furnish and install" concrete block, "subject to add or delete quantities." Rider A to the subcontract further provided that "[a]ll items noted above that contain unit quantities are subject to change up or down contingent upon actual job quantities." The subcontract was revised with a change order to increase the quantity of block installed and a commensurate increase in the lump sum price paid to $7,108,873.80.
Silverite approved and paid $5,968,592.01 towards the lump sum price. However, after noticing discrepancies in its records of the concrete block installed by plaintiff and plaintiff's records of the amounts installed, Silverite hired an expert with a proprietary forensic method of ascertaining the number of concrete blocks installed. Based on the expert's alleged findings of a lower number of concrete blocks installed than had been claimed, Silverite withheld payment on plaintiff's final three applications for payment, which totaled an alleged balance due of $1,140,281.79.
Supreme Court properly denied plaintiff's motion for summary judgment on its breach of contract cause of action for the alleged balance due. Although plaintiff established prima facie entitlement to summary judgment by submitting documentary proof in the form of the subcontract and its riders, written correspondences, deposition testimony, and daily business records, Silverite raised issues of fact as to the value of the lump sum price to which plaintiff might be entitled to through affidavits and documentary evidence. Further, a fair reading of the subcontract terms as a whole provide for a lump sum payment based upon an estimate of the total number of concrete blocks "to be installed" by plaintiff, and to the extent the actual number installed by plaintiff varied from the "estimates," the lump sum payment would be adjusted accordingly (see Two Guys from Harrison-N.Y. Inc. v S.F.R. Realty Assoc., 63 NY2d 396, 403 [1984]).
Moreover, the opinion of Silverite's expert as to the quantity of concrete blocks plaintiff installed was sufficiently supported by the expert's affidavit and documentary [*2]evidence such as architectural drawings, photographs, records kept as to the progress of installation, and the expert's proprietary 3-D imaging technology. Plaintiff's arguments that the expert's methods of computing the number of concrete blocks laid differed from its own and failed to adequately take into account openings in the building's interior walls go to the weight and not the admissibility of the expert's opinion (see e.g. Pira v Carasca, 177 AD3d 559, 560 [1st Dept 2019]).
The court also properly denied plaintiff's motion for summary judgment dismissing Silverite's counterclaim for $500,000 in damages attributable to purported overbilling, defective work, work delays, and plaintiff's failure to pay its vendors. Silverite's expert's opinion, which was based on documentary evidence and 3-D imaging technology, supported Silverite's overbilling claim related to the dispute over the quantity of concrete blocks installed.
However, the court should have granted plaintiff's motion for summary judgment dismissing Silverite's third-party complaint alleging that it had an interest as a claimant or obligee under the payment and performance bonds plaintiff had procured from third-party defendant. Plaintiff's proof demonstrated Silverite could not show the default and notice conditions under the bond were satisfied so as to trigger an expectation of coverage under the bond. Silverite offered no salient opposition and thus failed to raise a triable issue as to the allegations of the third-party complaint (see Kuehne & Nagel v Baiden, 36 NY2d 539, 544 [1975]).
Plaintiff's argument for legal fees and costs pursuant to the terms of the subcontract is premature as plaintiff has not demonstrated that it is the "prevailing party."
We have considered the remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 24, 2025