■ SERGIO DETRES, as Administrator of the Estate of MARGARET B. DETRES, Deceased, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [706 NYS2d 105] —Order, Supreme Court, Bronx County (Kenneth Thompson, J.), entered on or about November 27, 1998, which granted the motion of defendant New York City Housing Authority for summary judgment dismissing the complaint, and which denied plaintiff's cross-motion to strike the Authority's answer for its alleged failure to comply with discovery orders, unanimously modified, on the law and the facts, defendant's motion for summary judgment denied, the complaint reinstated, and plaintiff's cross-motion granted to the extent of precluding defendant from offering evidence contesting plaintiff's proof as to the issue of notice, and the matter remanded for discovery, and otherwise affirmed, without costs.

At some unknown point during the morning of May 1, 1985, plaintiff's wife, the decedent, fell between the second and third floor landings of the stairwell in her apartment building, which is owned and operated by defendant New York City Housing Authority. There are no known witnesses to the accident. She was discovered at approximately 9:30 A.M. lying unconscious on the stairwell, and died later that evening at Lincoln Hospital. The causes of death set forth on the death certificate include terminal cirrhosis of the liver, arcites jaundice, scalp laceration and intermeningeal hemorrhage due to her fall, and chronic alcoholism.

In this wrongful death action, plaintiff alleges that the building's elevators were both out of service and that the staircase was missing banisters and lacked proper illumination. Defendant Housing Authority contends that plaintiff failed to establish the existence of any dangerous or defective

condition of the stairs which was a proximate cause of the decedent's fall. Indeed, the Authority points out that in view of prior incidents involving decedent, and her medical condition, the cause of the fall is just as likely to have been that she tripped and fell down the stairs due to intoxication.

We conclude that plaintiff's submissions are sufficient to demonstrate the existence of a triable issue of fact as to whether defendant permitted a dangerous condition or defect to exist, which condition was a proximate cause of the accident.

In a death action, the plaintiff is held to a lesser standard of proof on the question of defendant's negligence (*Noseworthy v City of New York*, 298 NY 76). Of course, a prima facie case must still be made out. Here, unlike the cases relied upon by defendant, plaintiff has submitted evidentiary and other materials that together support plaintiff's assertion that a dangerous condition existed at the accident site. Specifically, the use of the poorly lit stairs lacking proper handrails was necessitated by the failure of the building elevators to function that morning.

Although some of plaintiff's submissions are merely unsworn statements signed by other building tenants soon after the accident, counsel's explanation that despite his investigatory efforts he has so far been unable to locate these former tenants suffices to permit us to consider the contents of these statements as part of plaintiff's showing in opposition to the summary judgment motion (*see, Bendik v Dybowski*, 227 AD2d 228, 229). Together with the deposition testimony of plaintiff and the affidavit of another building tenant, they suffice to preclude determination of the issues as a matter of law at this time. The existence of evidence concerning the decedent's drinking and previous falls does not make it impossible for plaintiff to prevail on the issue of causation; it is not necessarily the case that decedent's own conduct is equally likely to have been the proximate cause for the accident. It is up to the jury to decide if, in fact, the cause suggested by the Housing Authority is equally, or more, plausible.

Finally, while the IAS Court properly denied plaintiff's cross-motion to strike defendant's answer, we conclude that defendant must be precluded from offering evidence challenging plaintiff's proof on the issue of notice, as a result of defendant's failure to provide either the maintenance records for the stairway in question or an affidavit by the individual who conducted the search for such records. We note that plaintiff offered sufficient prima facie evidence of constructive notice, by virtue of the asserted period of time in which the defects were

assertedly permitted to persist (*see, Juarez v Wavecrest Mgt. Team*, 88 NY2d 628, 646). Concur—Nardelli, J. P., Williams, Ellerin, Wallach and Saxe, JJ.