■ JANE SMITH, Individually and as Mother and Natural Guardian of JOHN SMITH, an Infant, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Respondents. [726 NYS2d 89] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered on or about January 12, 2000, which, to the extent appealed from, denied plaintiff's motion for leave to proceed on a theory of alternative liability and for spoliation sanctions and granted defendants' cross motions for summary judgment dismissing the complaint as against defendants New York Blood Center and American Association of Blood Banks, Inc., and dismissing plaintiff's claims against defendant New York City Health and Hospitals Corporation for blood bank negligence, unanimously affirmed, without costs.

Since defendant hospital disposed of the subject blood donor records in a manner consistent with regulatory requirements (*see*, 10 NYCRR 58-2.10 [a]), pursuant to a business routine (*see, Roberts v Consolidated Edison*, 273 AD2d 369, 370), and before plaintiff's negligent screening theory was an issue (*cf., Strelov v Hertz Corp.*, 171 AD2d 420, 421), the denial of plaintiff's demand for spoliation sanctions (*see generally, Kirkland v New York City Hous. Auth.*, 236 AD2d 170) was not an abuse of discretion (*see, Hartford Fire Ins. Co. v Regenerative Bldg. Constr.*, 271 AD2d 862, 863-864). Plaintiff's alternative liability theory was properly rejected in light of, *inter alia*, plaintiff's conceded failure to satisfy "the critical element of alternative liability that all possible tortfeasors be present before the court" (*see, New York Tel. Co. v AAER Sprayed Insulations*, 250 AD2d 49, 55).

Having so concluded, we need not and do not reach the municipal hospital defendant's argument that the notice of claim is substantively insufficient, which, in any event, is raised for the first time on appeal (*see, Velazquez v City of New York*, 211 AD2d 475). For the same reason, we need not and do not reach the issue of whether or not defendant trade association promulgated industry standards in such a manner that it owed a duty of due care to plaintiff.

We have considered plaintiff's remaining arguments and find

them unavailing. Concur—Nardelli, J. P., Tom, Mazzarelli, Saxe and Friedman, JJ.