■ KATHLEEN LYONS, Appellant, v 40 BROAD DELAWARE, INC., et al., Respondents. [763 NYS2d 602] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered June 7, 2002, which, inter alia, granted the summary judgment motions of defendants 40 Broad Delaware, Inc. and Pritchard Building Services, Inc. and dismissed the complaint and all cross claims among the defendants, unanimously reversed, on the law, without costs, the motion denied and the complaint and all cross claims reinstated.

The court must deny summary judgment if the evidentiary materials offered by the opponent create a disputed issue of material fact (*see Zuckerman v City of New York*, 49 NY2d 557,

---

562 [1980]). Here, the evidentiary materials presented create issues of fact as to notice and causation, precluding a grant of summary judgment to defendants.

Plaintiff Kathleen Lyons testified at deposition that on May 3, 1999, at approximately 9:00 A.M., she tripped and fell on a mat in the lobby of the building where she worked, a building owned by defendant 40 Broad Delaware, Inc. and maintained by defendant Pritchard Building Services, Inc. It was raining that day, and Pritchard's cleaning supervisor, along with another employee, placed the mats in the lobby shortly after 8:00 A.M.

At the time of her fall, plaintiff was looking straight ahead at the elevators, and did not look down at the subject mat in front of the elevator bank. However, after she fell, she looked back and observed a two-inch to three-inch-high "wrinkle" in the mat near where she had fallen, as well as other wrinkles in the mat. Furthermore, plaintiff's coworker, Teresa Graham, testified at deposition that she arrived in the lobby after the accident, at about 9:15 A.M., and noticed a "ripple" in the mats, which appeared to her to be the result of the mats having been "folded * * * for weeks." In addition, Ms. Graham said that when she returned to the building after accompanying plaintiff to the hospital, she noted that the same bumps remained in the mats, even though several hours had passed since the accident.

The testimony regarding the "wrinkle" or "ripple" or "fold" in the mat stands in contrast to the statements of Pritchard's employees that the mats were put down flat, and checked about once an hour after that in accordance with their regular practice to ensure that they remained flat. Furthermore, Ms. Graham's lack of proof for her suggestion that the mats had been stored folded, rather than rolled up for storage in the manner asserted by Pritchard's employees, does not foreclose plaintiff's claim. The nature or shape of the alleged defect, as it was described, and the length of time Ms. Graham stated that it was present while an employee was posted at the lobby podium, is enough to permit a possible inference that the defect was caused by Pritchard's employees, or the conclusion that an employee had notice of it.

To the extent that defendants owner and property manager sought summary judgment on their cross claims for indemnification against maintenance contractor Pritchard, issues of fact similarly preclude summary judgment. Notwithstanding Pritchard's agreement to assume responsibility for the mats and to indemnify the owner and property manager for any loss caused

by its negligence in the performance of its contractual duties, issues of fact remain as to whether the Heitman Properties employee working at the podium in the lobby had assumed the landowner's duty of care to correct any apparent defects or hazardous conditions in the lobby area. Concur—Nardelli, J.P., Mazzarelli, Saxe, Rosenberger and Friedman, JJ.