■ ILIAS BALASKONIS et al., Appellants, v HRH CONSTRUCTION CORP. et al., Respondents, and SHORR ELECTRICAL CONTRACTING, INC., Respondent and Third-Party Plaintiff-Appellant. FEDERATED DEPARTMENT STORES, INC., Third-Party Defendant-Respondent. [767 NYS2d 9]—

Order, Supreme Court, New York County (Harold Tompkins, J.), entered December 4, 2002, which, to the extent appealed from, granted third-party defendant's motion for summary judgment dismissing the third-party complaint and all cross claims against it, denied defendant and third-party plaintiff Shorr Electrical Contracting, Inc.'s cross motion for summary judgment upon the third-party complaint on the ground of spoliation of evidence, and denied plaintiff's cross motion to strike the pleadings of defendants and third-party defendant on the ground of spoliation of evidence, or, in the alternative, for leave to serve an amended complaint against third-party defendant, unanimously modified, on the law, to deny third-party defendant's motion for summary judgment, and otherwise affirmed, without costs.

Under Workers' Compensation Law § 11, "permanent and total loss of use" of an arm or hand constitutes "grave injury." Although the motion court found that plaintiff had not sustained grave injury and on that ground dismissed the third-party complaint against plaintiff's employer, the evidence of record, most notably the affidavit of plaintiff's expert, raises a triable question as to whether plaintiff has in fact permanently lost total use of his left hand and arm, retaining only passive movement (cf. Trimble v Hawker Dayton Corp., 307 AD2d 452 [2003]), thus precluding summary judgment.

The third-party complaint may not at this juncture be dismissed on the ground that plaintiff's injury was not grave. Therefore, we now reach the merits of whether third-party defendant's pleadings should be stricken for spoliation of evidence. We affirm the denial of the "drastic" relief sought (see Tommy Hilfiger, USA v Commonwealth Trucking, 300 AD2d 58, 60 [2002]) on the ground that there is no indication that third-party defendant disposed of crucial evidence (see Riley v ISS Intl. Serv. Sys., 304 AD2d 637, 638 [2003]), much less that it did so other than in the ordinary course of business, or with notice of the evidence's potential evidentiary value (see Smith v New York City Health & Hosps. Corp., 284 AD2d 121 [2001], lv denied 97 NY2d 607 [2001]). Accordingly, plaintiffs, in these circumstances, have no cause of action against the third-party defendant for interfering with their right to sue a nonemployer

tortfeasor (*cf. DiDomenico v C & S Aeromatik Supplies*, 252 AD2d 41, 53 [1998]), and leave to amend was properly denied.

Sanctions for spoliation by defendant Shorr were properly denied. Prior to this litigation, that defendant had no notice of facts indicating that it might be liable to plaintiffs. As for defendant HRH Construction, plaintiffs were afforded leave to seek a missing documents charge at trial, a sanction appropriately "tailored" to achieve a fair result (*see Cohen Bros. Realty v J.J. Rosenberg Elec. Contrs.*, 265 AD2d 242, 245 [1999], *lv dismissed* 95 NY2d 791 [2000]). Concur—Andrias, J.P., Saxe, Williams, Marlow and Gonzalez, JJ.