■ IRIS MELENDEZ, Respondent, v CITY OF NEW YORK, Appellant. [768 NYS2d 461]—

Judgment, Supreme Court, Bronx County (Alan Saks, J.), entered October 24, 2002, upon a jury verdict, which awarded plaintiff damages, unanimously reversed, on the law, the facts and in the exercise of discretion, the answer reinstated, and the matter remanded for a new trial. Appeal from judgment, same court (Stanley Green, J.), entered July 6, 2001, unanimously dismissed, without costs, as superseded by the appeal from the subsequent judgment.

The trial court's striking of defendant's answer and finding it negligent as a matter of law for not repairing a broken step, imposed as a sanction for spoliation of inspection and repair records, was an improvident exercise of discretion, in light of the facts that plaintiff did not move for sanctions until well into the

trial, that the apparent loss of the documents was not willful, and that the absence of the documents was not fatal to plaintiff's ability to present her case (*see Freeman v Kirkland*, 184 AD2d 331 [1992]; *Holliday v "John Jones,"* 297 AD2d 471 [2002]). The testimony adduced at trial could have allowed a jury to find that the defective condition that allegedly caused the accident existed long enough to provide defendant with constructive notice, and thus the loss of the inspection and repair reports for the building did not preclude plaintiff from making a prima facie case of negligence (*see Detres v New York City Hous. Auth.*, 271 AD2d 309, 310-311 [2000]). A more appropriate sanction for the apparent loss of the documents would have been a missing document charge, permitting the jurors to draw an inference against defendant on the issue of notice (*see Bin Xin Tan v St. Vincent's Hosp. & Med. Ctr.*, 294 AD2d 122 [2002]). Concur—Buckley, P.J., Nardelli, Sullivan, Williams and Lerner, JJ.