■ MICHAEL THOMAS, Appellant, v CITY OF NEW YORK, Defendant, and NEW YORK CITY HOUSING AUTHORITY, Respondent. [779 NYS2d 480]—

Order, Supreme Court, Bronx County (Jerry Crispino, J.), entered July 30, 2003, which, in an action for personal injuries sustained on defendant-respondent New York City Housing Authority's (NYCHA) premises when an elevator door slammed shut on plaintiff's finger, denied plaintiff's motion to strike NYCHA's answer for discarding a door check that NYCHA replaced immediately after the accident, and failed to address that branch of plaintiff's motion as sought dismissal of the action as against defendant City of New York on consent, unanimously modified, on the law, to dismiss the action as against the City, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

Plaintiff fails to show that the unavailability of the door check will substantially hinder his ability to prove that NYCHA had notice of the malfunctioning elevator door that caused his injury (*see Tawedros v St. Vincent's Hosp.*, 281 AD2d 184 [2001]). His moving papers do not explain why NYCHA's repair and maintenance records are inadequate to prove such notice, or indicate whether there were any witnesses to the malfunctioning door prior to the accident (*see Melendez v City of New York*, 2 AD3d 170 [2003]). Furthermore, NYCHA represents that door checks are not reused, and that the routine practice of its mechanics is to discard them upon removal (*see Smith v New York City Health & Hosps. Corp.*, 284 AD2d 121 [2001], *lv denied* 97 NY2d 607 [2001]). Under the circumstances, the severe sanction of striking NYCHA's answer is unwarranted (*see Holliday v "John Jones,"* 297 AD2d 471 [2002]). We modify only to correct the motion court's apparent oversight of plaintiff's request that the action be dismissed as against the City. Concur—Saxe, J.P., Williams, Lerner and Sweeny, JJ.