■ STEVEN HERBERT, Appellant, v CITY OF NEW YORK et al., Respondents. [783 NYS2d 807]—

Order, Supreme Court, Bronx County (Jerry L. Crispino, J.), entered February 21, 2003, which, inter alia, granted defendants' motion to deem them in compliance with an order of a different Justice directing production of evidence, unanimously affirmed, without costs.

The court properly determined that defendants had complied with the prior Justice's order to the best of their ability. There is nothing in the history of the case to suggest any willful or dilatory conduct on the part of defendants (*see Cespedes v Mike & Jac Trucking Corp.*, 305 AD2d 222 [2003]). Furthermore, there is no basis upon which to apply the doctrine of law of the case (*see Latture v Smith*, 304 AD2d 534, 535 [2003]; *Lipsztein v Donovan*, 289 AD2d 51, 52 [2001]). Spoliation sanctions were not warranted, since there is no indication that defendants had disposed of crucial evidence with knowledge of its potential evidentiary value (*see e.g. Balaskonis v HRH Constr. Corp.*, 1 AD3d 120, 121 [2003]; *Boyle v City of New York*, 291 AD2d 315 [2002]; *Smith v New York City Health & Hosps. Corp.*, 284 AD2d 121 [2001], *lv denied* 97 NY2d 607 [2001]). We note that plaintiff first requested the original photographs involved in the underlying criminal case nearly 1½ years after his acquittal. Moreover, plaintiff has not established that the unavailability of the original photographs or color copies thereof will impair his ability to present his case (*see e.g. Thomas v City of New York*, 9 AD3d 277 [2004]; *Melendez v City of New York*, 2 AD3d 170 [2003]). In any event, the order on appeal left the issue of spoliation for the trial court.

We have considered plaintiff's other contentions and find them unavailing. Concur—Nardelli, J.P., Mazzarelli, Lerner, Friedman and Marlow, JJ.