■ Westbroad Company, Respondent, v Pace Elevator Inc., Defendant and Third-Party Plaintiff-Appellant. Flemington Electrical Maintenance Inc., Third-Party Defendant-Respondent. [829 NYS2d 529]—

Judgment, Supreme Court, New York County (Richard B. Lowe, III, J., and a jury), entered April 11, 2006, in favor of plaintiff building owner and against defendant elevator company in the total amount of $193,424.67, unanimously affirmed, with costs.

A judgment having been entered prior to trial dismissing defendant's third-party complaint against the elevator company that plaintiff hired to fix the problems caused by defendant's negligent performance, we decline to consider so much of defendant's argument as presently challenges such dismissal (*see D'Amico v New Castle Rent A Car Corp.*, 94 AD2d 686 [1983]; *Glicksman v Smith*, 43 AD2d 544 [1973]). In any event, the IAS court properly refused to grant defendant the indefinite adjournment it requested on the eve of trial, apparently for the purpose of locating a new expert witness to support its opposition to third-party defendant's motion for summary judgment dismissing the third-party complaint. Defendant's request for a spoliation sanction against plaintiff, based on a claimed inability to perform tests on a piece of equipment due to corrosion sustained while stored in plaintiff's basement, was properly denied for failure to show that plaintiff was on notice that the equipment would be needed for future litigation (*see Lovell v United Skates of Am., Inc.*, 28 AD3d 721 [2006]; *Herbert v City of New York*, 12 AD3d 209 [2004]; *Melendez v City of New York*, 2 AD3d 170 [2003]). Concur—Tom, J.P., Saxe, Sweeny, Malone and Kavanagh, JJ.