■ VALENTINO DIAZ, as Executor of JEANETTE CAMMALLERI, Deceased, Respondent, v LOUIS C. ROSE, M.D., et al., Defendants,

and NEW YORK WESTCHESTER SQUARE MEDICAL CENTER et al., Appellants. [837 NYS2d 28]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered February 1, 2006, which granted plaintiff's motion to strike defendant Medical Center's answer, unanimously reversed, on the law, without costs, the motion denied and the answer reinstated.

Plaintiff's submissions failed to establish that the foreign body constituted crucial evidence, since she offered no medical evidence supporting her claim that her infection was caused by a foreign body rather than, for example, a bacterium; in consequence, the physical object would not be enough to establish plaintiff's malpractice claim. Moreover, not only was defendant's disposal of the foreign body neither intentional nor negligent, but there was no indication that it was disposed of with knowledge of its potential evidentiary value or plaintiff's claimed need for it (*see Bach v City of New York*, 33 AD3d 544 [2006]; *Herbert v City of New York*, 12 AD3d 209 [2004]; *Balaskonis v HRH Constr. Corp.*, 1 AD3d 120, 121 [2003]; *Conderman v Rochester Gas & Elec. Corp.*, 262 AD2d 1068 [1999]). Under such circumstances, it cannot be said that a spoliation sanction is necessary "as a matter of elementary fairness" (*Healey v Firestone Tire & Rubber Co., Bridgestone/Firestone*, 212 AD2d 351, 352 [1995], *revd on other grounds* 87 NY2d 596 [1996]). Concur—Tom, J.P., Saxe, Marlow, McGuire and Malone, JJ.

Reargument granted and, upon reargument, the decision and order of this Court entered on February 13, 2007 (37 AD3d 233 [2007]) recalled and vacated and a new decision and order substituted therefor.