■ LESLIE A. SHAPIRO, Appellant, v BOULEVARD HOUSING CORP., Respondent. [895 NYS2d 53]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered March 17, 2009, which granted defendant's motion for summary judgment and denied plaintiff's cross motion to strike the answer, unanimously modified, on the law, defendant's motion denied, the complaint reinstated, and otherwise affirmed, without costs.

Summary judgment must be denied if evidentiary materials offered in opposition create a disputed issue of material fact (CPLR 3212 [b]). Here, the evidentiary materials presented create issues of fact as to causation. On a motion for summary judgment, issue-finding, rather than issue-determination, is key (*Insurance Corp. of N.Y. v Central Mut. Ins. Co.*, 47 AD3d 469, 472 [2008]). Issues of credibility in particular are to be resolved at trial, not by summary judgment (*S.J. Capelin Assoc. v Globe Mfg. Corp.*, 34 NY2d 338, 341 [1974]).

Plaintiff testified at deposition that on February 25, 2007 she fractured her arm after slipping and falling on a rainy weather mat maintained by defendant at its premises. Plaintiff stated, inter alia, that her foot came in contact with a curl in the first overlapping mat, causing her to fall; afterward, she noticed the mat was curled over, approximately two inches high.

Defendant does not dispute that immediately after the accident, (1) its employee made an entry in the concierge's logbook and prepared an accident report stating, inter alia, "bodily injury" and "woman claims her arm is broken"; (2) shortly thereafter, defendant's building superintendent copied onto a DVD surveillance footage of the accident site, from several seconds before until several seconds after plaintiff's fall; and (3) at an unspecified time and for no specified reason, sometime between February 25 and April 24, 2007 (the date defendant was served by plaintiff), defendant disposed of the mat in question and replaced it with a new one. After being advised by defendant that the mat was no longer available for inspection, plaintiff moved to strike defendant's answer on the ground of spoliation of evidence. Plaintiff later stipulated to withdraw that motion, and after she was deposed, defendant provided her with a copy of its DVD, in compliance with CPLR 3101 (i).

Our review of the DVD, together with the still photos in the record, indicates that the angle, distance and quality of the DVD are insufficient to establish indisputably that the edge of the mat was flat and in a safe condition at the time of the accident. To the contrary, they appear to show the mat rising up at the moment plaintiff's foot came in contact; it is thus a question of fact whether defendant maintained an allegedly dangerous mat that was unsafely placed (*see Lyons v 40 Broad Del.*, 307 AD2d 868 [2003]). Whether this defect was too trivial to serve as a basis for liability should be left to the jury to determine (*see Nin v Bernard*, 257 AD2d 417 [1999]).

Plaintiff testified that she noticed a curl in the mat following the accident. Her fiancé stated in his affidavit that he also noticed the curl after the accident, unsuccessfully tried to flat-

ten it, and admonished defendant's employees as to the safety hazard it presented (*see Lyons*, 307 AD2d at 869). While self-serving, this affidavit does not contradict or undercut plaintiff's prior testimony, so its evidentiary value in defeating summary judgment should not be disregarded (*cf. Caraballo v Kingsbridge Apt. Corp.*, 59 AD3d 270 [2009]; *Phillips v Bronx Lebanon Hosp.*, 268 AD2d 318, 320 [2000]).

Even though defendant disposed of the mats shortly after the accident, the court did not abuse its discretion in denying plaintiff's cross motion to strike the answer on spoliation grounds. Plaintiff has not been deprived of the means to prove her case and to place all factual matters before a jury (*see Thomas v City of New York*, 9 AD3d 277 [2004]; *Iannucci v Rose*, 8 AD3d 437 [2004]). Concur—Mazzarelli, J.P., Acosta, Renwick and Freedman, JJ.