■ KOYA ABE, Appellant, v NEW YORK UNIVERSITY et al., Respondents. [32 NYS3d 506]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered March 26, 2015, which denied plaintiff's motion for, inter alia, spoliation sanctions and for discovery, unanimously affirmed, without costs.

The motion court did not abuse its discretion in finding that plaintiff failed to make a showing of entitlement to spoliation sanctions (*see Mohammed v Command Sec. Corp.*, 83 AD3d 605 [1st Dept 2011], *lv denied* 17 NY3d 708 [2011]; *see also Shapiro v Boulevard Hous. Corp.*, 70 AD3d 474, 476 [1st Dept 2010]). The computer drive that was erased was a back-up of a drive that remained available. Thus, there is no showing that evidence was destroyed in the first instance. Similarly, plaintiff offers no proof that any evidence was destroyed by the loss of access to the laptop used, but not owned, by one of the defendants. Moreover, certain documents at issue, namely, those letters sent out to adjunct professors in the Art Department to inform them as to whether they would be reappointed for the upcoming academic year, were all exchanged, as was an export chart of the letters' metadata. Plaintiff's assertion that additional metadata existed, but was not exchanged, is unsupported.

Plaintiff also failed to make a showing of entitlement to all of the social media sites and private email accounts of certain individual defendants. The mere fact that a Facebook "friend" of defendant Barton, who also worked at defendant New York University, wrote "Hi" on Barton's "wall" does not establish that Barton used her Facebook account for NYU business in general, so as to warrant production of the discovery requested (*see Tapp v New York State Urban Dev. Corp.*, 102 AD3d 620 [1st Dept 2013]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Saxe, Gische and Kahn, JJ.