■ J.P. Morgan Securities Inc. et al., Respondents, v Vigilant Insurance Company et al., Appellants. [58 NYS3d 38]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered on or about July 7, 2016, which granted plaintiffs' motion for summary judgment to the extent of dismissing the affirmative defenses of breach of the contractual obligations to cooperate and to obtain defendants' consent to settle, and

denied defendants' cross motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

Defendants' unreasonable delay in dealing with plaintiffs' claims under the insurance contracts, consistently stated position that the various regulatory investigations and civil actions concerning plaintiffs' alleged late trading and marketing-timing transactions did not constitute claims under the contracts, and insistence that in any event disgorgement payments such as those demanded by the regulators were not insurable as a matter of law constitute a denial of liability under the contracts that justifies plaintiffs' settlement of those claims without defendants' consent (*see Isadore Rosen & Sons v Security Mut. Ins. Co. of N.Y.*, 31 NY2d 342 [1972]). The record does not support defendants' contention that plaintiffs breached their obligation to cooperate, but in any event defendants' repudiation of liability for plaintiffs' claims also excuses plaintiffs from performance of that obligation (*see Lentini Bros. Moving & Stor. Co. v New York Prop. Ins. Underwriting Assn.*, 53 NY2d 835 [1981]). The "reservation of rights" language in defendants' letters to plaintiffs does not change this result (*see QBE Ins. Corp. v Jinx-Proof Inc.*, 22 NY3d 1105, 1107 [2014]). Concur—Sweeny, J.P., Gische, Kahn and Gesmer, JJ.