Century Indem. Co. v Brooklyn Union Gas Co. (2019 NY Slip Op 02435)





Century Indem. Co. v Brooklyn Union Gas Co.


2019 NY Slip Op 02435


Decided on March 28, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2019

Renwick, J.P., Richter, Kapnick, Kahn, Oing, JJ.


603405/01 8838N 403087/02 8837

[*1] Century Indemnity Company, Plaintiff-Respondent,
v
Brooklyn Union Gas Company, Defendant-Appellant.
Brooklyn Union Gas Company, Plaintiff-Appellant,
v
Century Indemnity Company, Defendant-Respondent, Munich Reinsurance America, Inc., Defendant.
Century Indemnity Company, Plaintiff-Appellant,
v
Brooklyn Union Gas Company, Defendant-Respondent.
Brooklyn Union Gas Company, Plaintiff-Respondent,
v
Century Indemnity Company, Defendant-Appellant, Munich Reinsurance America, Inc., Defendant.


Covington & Burling LLP, New York (Jay T. Smith of counsel), for Brooklyn Union Gas, appellant/respondent.
O'Melveny & Myers LLP, Washington, D.C. (Jonathan D. Hacker, of the bar of the State of Maryland and District of Columbia, admitted pro hac vice, of counsel), and O'Melveny & Myers LLP, New York (Anton Metlitsky of counsel), for Century Indemnity Company, respondent/appellant.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered July 16, 2018, which granted Century Indemnity Company's motion for summary judgment in its favor as to whether it is obligated to reimburse Brooklyn Union Gas Company for amounts that Brooklyn [*2]Union agreed in a settlement to pay for remediation of the former Metropolitan manufactured gas plant, whether certain insurance policies issued by Century or its predecessors to Brooklyn Union or its predecessors require a pro rata allocation of losses, and whether the per-occurrence limits in certain of the policies are limits for the respective policies' entire terms, rather than annual per-occurrence limits, unanimously modified, on the law, to deny the motion as to the obligation to reimburse and the per-occurrence limits, and otherwise affirmed, without costs. Order, same court and Justice, entered on or about May 8, 2018, which denied Century's motion for spoliation sanctions, unanimously affirmed, with costs.
Century's commencement of this litigation constituted a repudiation of liability under the policies for the remediation claims against Brooklyn Union, relieving Brooklyn Union of its obligation under the policies to obtain Century's consent before agreeing to pay for remediation costs for the Metropolitan manufactured gas plant (see J.P. Morgan Sec. Ins. v Vigilant Ins. Co., 151 AD3d 632 [1st Dept 2017]; AJ Contr. Co. v Forest Datacom Servs., 309 AD2d 616, 617-618 [1st Dept 2003]).
Supreme Court correctly determined that the "other insurance" clauses in four of the policies do not contain "non-cumulation" or "anti-stacking" clauses and that therefore occurrences or losses spanning successive policies must be allocated pro rata across the successive policies (see Matter of Viking Pump, Inc., 27 NY3d 244, 255-256, 265-267 [2016]; Consolidated Edison Co. of N.Y. v Allstate Ins. Co., 98 NY2d 208, 223 [2002]; Boston Gas Co. v Century Indem. Co., 454 Mass 337, 342-344, 361-362 [2009]). However, the policies that had multi-year terms or contained a multi-year renewal are ambiguous as to whether the per-occurrence limits were limits for the respective policies' entire terms or were annual per-occurrence limits.
Supreme Court properly concluded that Brooklyn Union was not on notice at the time that the minutes of executive conference meetings in 1951-1952 and 1988-1989 were lost or destroyed that the minutes may have been needed for future litigation (see Strong v City of New York, 112 AD3d 15, 22 [1st Dept 2013]), and properly concluded that sanctions were not necessary as a matter of elementary fairness (see Diaz v Rose, 40 AD3d 429 [1st Dept 2007]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 28, 2019
CLERK