Greater N.Y. Mut. Ins. Co. v Utica First Ins. Co. (2019 NY Slip Op 04041)





Greater N.Y. Mut. Ins. Co. v Utica First Ins. Co.


2019 NY Slip Op 04041


Decided on May 23, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2019

Renwick, J.P., Manzanet-Daniels, Kahn, Kern, Moulton, JJ.


156179/14 -595350/14 9402B 157977/14 9402A 9402

[*1] Greater New York Mutual Insurance Company, as subrogee of Myra Realty LLC, etc., Plaintiff-Respondent,
v
Utica First Insurance Company, Defendant-Appellant.
Utica First Insurance Company, Third-Party Plaintiff-Appellant.
v
Allstate Insurance Company as subrogee of Renee Fleysher, et al., Third-Party Defendants-Respondents, Erie Insurance Company as subrogee of Jennifer J. McCarron, et al., Third-Party Defendants.
Allstate Insurance Company as subrogee of Renee Fleysher, et al., Plaintiffs-Respondents,
v
Utica First Insurance Company, Defendant-Appellant.


Farber Brocks & Zane L.L.P., Garden City (Sherri N. Pavloff of counsel), for appellant.
Gwertzman Lefkowitz Smith Marcus & Sullivan, New York (Barbara J. Marcus of counsel), for Greater New York Mutual Insurance Company, respondent.
Feldman & Feldman, LLP, Smithtown (John Reitano of counsel), for Allstate Insurance Company and Allstate Indemnity Company, respondents.



Order and judgment (one paper), Supreme Court, New York County (Barry R. Ostrager, J.), entered May 9, 2018, which insofar as appealed from, granted the motions for summary judgment brought by plaintiff Greater New York Mutual Insurance Company (GNY), third-party defendants Allstate Insurance Company (Allstate Insurance) and Allstate Indemnity Company (Allstate Indemnity, and collectively, Allstate), and third-party defendant New Triple M. Construction Corp. (Triple M.); denied defendant Utica First Insurance Company's (Utica First) motion for summary judgment; and adjudged that GNY recover from Utica First judgment in the amount of $2,693,300.39, unanimously reversed, on the law, with costs, the judgment vacated, [*2]GNY, Allstate, and Triple M's motions denied, and Utica First's motion granted. The Clerk is directed to enter judgment in favor of Utica First. Order and judgment (one paper), Supreme Court, New York County (Barry R. Ostrager, J.), entered May 9, 2018, which insofar as appealed from, granted plaintiff Allstate's motion for summary judgment; denied defendant Utica First's motion for summary judgment; adjudged that Allstate Insurance recover from Utica First judgment in the amount of $250,372.21; and adjudged that Allstate Indemnity recover from Utica First judgment in the amount of $41,876.89, unanimously reversed, on the law, with costs, the judgment vacated, Allstate's motion denied, and Utica First's motion granted. The Clerk is directed to enter judgment in favor of Utica First. Appeal from order, Supreme Court, New York County (Barry R. Ostrager, J.), entered July 12, 2017, which denied defendant Utica First's motion for issuance of a subpoena to the New York City Fire Department, unanimously dismissed (CPLR 5501[a]), without costs.
The instant appeals involve two related insurance actions arising out of a fire at an apartment building in Queens.
GNY insured the owner and manager of the building. Allstate insured various tenants in the building. Utica First insured Triple M, which was retained by GNY's insured to perform work on the building.
Both GNY and Allstate paid claims to their insureds for damages sustained as a result of the fire. They then obtained default judgments against Triple M, whose employees were alleged to have caused the fire through their negligent use of a torch to perform roof repairs. Utica First disclaimed coverage and did not defend Triple M in these actions. GNY and Allstate now seek to recover from Utica First the amount of the underlying judgments against Triple M pursuant to Insurance Law § 3420(a)(2).
We find that Utica First has no duty to indemnify Triple M for damage resulting from the fire because Triple M failed to "make fair and truthful disclosures in reporting the [accident]," which failure "constitutes a breach of the cooperation clause
. . . of the insurance policy as a matter of law" (Nationwide Mut. Ins. Co. v Posa, 56 AD3d 1143, 1144 [4th Dept 2008]; see also Federated Dept. Stores, Inc. v Twin City Fire Ins. Co., 28 AD3d 32, 37 [1st Dept 2006]; American Ref-Fuel Co. of Hempstead v Resource Recycling, 281 AD2d 573, 574 [2d Dept 2001]; J.P. Morgan Sec. Inc. v Vigilant Ins. Co., 53 Misc 3d 694, 697 [Sup Ct, NY County 2016], affd 151 AD3d 632 [1st Dept 2017]).
It is clear that Triple M employees lied to Utica First's investigators about not having used a torch on the roof. These self-serving statements were inconsistent with the investigatory reports of each of the parties and the New York City Fire Department (FDNY). Allstate and GNY are also judicially estopped from claiming that Triple M employees did not use a torch because they took the opposite position in the underlying actions and secured judgments on this basis (see Baje Realty Corp. v Cutler, 32 AD3d 307, 310 [1st Dept 2006]).
Because we find that Triple M's failure to cooperate with Utica First's investigation relieved the latter of its duty to indemnify, we need not reach the parties' contentions regarding the applicability of the insurance policy's roofing and willful violation exclusions or the amount of the judgments.
Utica First's appeal from the order denying its motion to issue a subpoena to the FDNY must be dismissed because the denial does not "necessarily affect[] the final judgment" (see [*3]CPLR 5501[a][1]; Matter of Aho, 39 NY2d 241, 248 [1976]). Utica First was able to independently obtain the FDNY records it sought and submitted them in support of its summary judgment motion.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 23, 2019
CLERK