Brandsway Hospitality, LLC v Delshah Capital LLC (2019 NY Slip Op 04483)





Brandsway Hospitality, LLC v Delshah Capital LLC


2019 NY Slip Op 04483


Decided on June 6, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2019

Friedman, J.P., Tom, Kapnick, Kahn, JJ.


9565 652637/13

[*1]Brandsway Hospitality, LLC also known as Brandsway Hospitality, et al., Plaintiffs-Respondents,
v
Delshah Capital LLC, et al., Defendants-Appellants, Victor Jung, Defendant.


Cordova & Schwartzman, LLP, Garden City (Jonathan B. Schwartzman of counsel), for appellants.
Fishman Decea & Feldman, Armonk (Thomas B. Decea of counsel), for respondents.



Order, Supreme Court, New York County (Shlomo Hagler, J.), entered February 5, 2019, which, to the extent appealed from, denied defendants Delsah Capital LLC and Michael K. Shah's cross motion for partial summary judgment dismissing plaintiffs' breach of contract claim and to dismiss the complaint pursuant to CPLR 3126, unanimously affirmed, with costs.
Defendants failed to meet their prima facie burden of demonstrating the absence of any material issues of fact, as required for summary dismissal of plaintiff's breach of contract claim (Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012] [citing Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). The record does not permit resolution of whether, as defendants contend, plaintiffs breached the parties' agreement by either making the allegedly unauthorized single $2,500 payment or by making the contested continuing $2,500 salary payments. Defendants' additional claims of breach of the parties' agreement, premised upon plaintiffs' alleged practice of buying drinks or food for customers, designating a table for plaintiff corporation's principal, or theft of trademarks and other intellectual property are similarly the subject of material contested facts, precluding the grant of defendants' motion.
It was a sound exercise of the court's discretion to deny, at this juncture, the motion to dismiss for spoliation of electronic evidence (CPLR 3126). Instead, the court referred the issues to an expert in information technology to examine various email accounts, servers and domains to determine who deleted emails, when they were deleted, and whether they could be retrieved (see Shapiro v Boulevard Hous. Corp., 70 AD3d 474, 476 [1st Dept 2010]).
Although there appears to be no dispute that emails were deleted, the parties present sharply conflicting accounts of when and by whom such deletions occurred. The court, appropriately concerned about plaintiff's principal's selective use of emails from accounts that had been largely deleted, also responsibly sought more information about the timing of the deletions and the potential recovery of admissible evidence before making a ruling on spoliation.
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 6, 2019
CLERK