Jihuan Xiao v Lifeng Jiang (2024 NY Slip Op 03393)

Jihuan Xiao v Lifeng Jiang

2024 NY Slip Op 03393

Decided on June 20, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 20, 2024

Before: Oing, J.P., Friedman, González, Rodriguez, O'Neill Levy, JJ. 

Index No. 151957/22 Appeal No. 2541 Case No. 2023-03352 

[*1]Jihuan Xiao, Plaintiff-Appellant,
v
Lifeng Jiang, et al., Defendants-Respondents, NYX Engineering, et al., Defendants.

Subin Associates, LLP, New York (Christopher J. Soverow of counsel), for appellant.
Clausen Miller, PC, New York (David A. Peskanov of counsel), for respondents.

Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered June 1, 2023, which denied plaintiff's motion to strike defendants Lifeng Jiang and Xiao-Juan Ou's answer, or in the alternative, for an adverse inference charge based on Jiang's spoliation of evidence, unanimously affirmed, without costs.
The court properly declined to impose spoliations sanctions on Jiang and Ou. "To obtain sanctions for spoliation, a party must establish that the non-moving party had an obligation to preserve the item in question, that the item was destroyed with a 'culpable state of mind,' and that the destroyed item was relevant to the party's claim or defense" (Rossi v Doka USA, Ltd., 181 AD3d 523, 525 [1st Dept 2020], quoting VOOM HD Holdings LLC v EchoStar Satellite L.L.C., 93 AD3d 33, 45 [1st Dept 2012]). A party can be deemed to have had a "culpable state of mind" for purposes of a spoliation sanction even if it engaged in no more than ordinary negligence (id. at 525-526).
Here, plaintiff, employed by defendant Jiang to perform renovation and repair work on Jiang's property, was injured on November 10, 2021, when a copper pipe attached to a water heater he was repairing exploded, and a fragment of metal flew into his eye. Jiang, with plaintiff's assistance, discarded the water heater two months later, on January 10, 2022. Although Jiang gave conflicting testimony as to the date of disposal, plaintiff pinpointed January 10, 2022 as the removal date and Jiang stated in his affidavit that the heater was picked up by a scrap metal company two to three days after it was removed. Furthermore, the record reflects that in phone calls with Jiang on February 9, 2022, plaintiff demanded payment to settle the matter and plaintiff's counsel did not send a letter demanding preservation of the evidence and notice of representation until February 18, 2022. No evidence was presented by plaintiff that Jiang reasonably anticipated litigation prior to January 10, 2022 (see Fata v Heskel's Riverdale, LLC, 223 AD3d 520, 521 [1st Dept 2024]).
Moreover, plaintiff failed to show that the water heater was discarded with a culpable state of mind or through negligence. The record reflects that Jiang retained counsel on February 11, 2022 and there is no indication that Jiang was aware of the evidentiary value of the heater itself or that it might be needed for future litigation at the time of disposal (see Herbert v City of New York, 12 AD3d 209, 210 [1st Dept 2004]; Westbroad Co. v Pace El. Inc., 37 AD3d 300, 300 [1st Dept 2007]).
Jiang's request for an award of spoliation sanctions against plaintiff is unpreserved since it was not raised before the motion court (see Henry v New Jersey Tr. Corp., 39 NY3d 361, 367 [2023]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 20, 2024