**Bah v City of New York**

2024 NY Slip Op 32536(U)

July 23, 2024

Supreme Court, New York County

Docket Number: Index No. 152996/2015

Judge: Hasa A. Kingo

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. HASA A. KINGO                           PART                    05M

                                                    *Justice*

------------------------------------------------------------------------X

OSMAN BAH,                                           INDEX NO.        152996/2015

                                                    MOTION DATE      02/23/2024
                              Plaintiff,
                                                    MOTION SEQ. NO.      006
                  - v -

THE CITY OF NEW YORK, THE NEW YORK CITY
DEPARTMENT OF TRANSPORTATION, CONSOLIDATED
EDISON COMPANY OF NEW YORK, INC.,ISLAND                 **DECISION + ORDER ON**
RESEARCH AND DEVELOPMENT CORPORATION D/B/A                    **MOTION**
ISLAND TECHNOLOGY,

                              Defendant.

------------------------------------------------------------------------X

CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.             Third-Party
                                                    Index No.  595995/2020
                              Plaintiff,

                  -against-

OSMOSE UTILITIES SERVICES, INC.

                              Defendant.
------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 006) 211, 212, 213, 214, 215, 216, 219, 220, 227, 228, 229, 230, 231, 232, 233, 234, 235, 237, 238, 239, 240

were read on this motion to/for                    STRIKE PLEADINGS                      .

      Before the court is Third-Party Defendant Osmose Utilities Services, Inc.'s ("Osmose") motion to strike Defendant/Third-Party Plaintiff Con Edison's ("Con-Edison") third-party complaint based on spoliation of key evidence, or, in the alternative, to preclude Con Edison from offering evidence due to spoliation and failing to provide material and necessary discovery. Additionally, Osmose seeks an adverse inference jury charge at trial. After thorough review and careful consideration of the arguments and relevant case law, the court makes the following determination.

## BACKGROUND

      On November 17, 2014, Plaintiff was driving his taxi on Lexington Avenue at its intersection with East 44th Street when a manhole exploded, causing debris and the manhole cover

to fly up and crash into the taxi. Con Edison owns the underground structure that exploded. In 2012, Con Edison contracted with Osmose to provide inspection services to various structures, including manholes.

In its third-party complaint, Con Edison has interposed claims of contractual indemnification, breach of contract, and negligence against Osmose. On May 19, 2023, Osmose served Con Edison with a demand regarding the component parts from the incident as memorialized in an email from Con Edison employee George Murray, dated November 20, 2014, for the purpose of inspection, measuring, and photographing. On August 22, 2023, Con Edison responded to the Notice for Discovery and Inspection, admitting that it was no longer in possession of the component parts from the incident.

## DISCUSSION

A party seeking a sanction pursuant to CPLR §3126, such as preclusion or dismissal, is required to demonstrate that "a litigant, intentionally or negligently, dispose[d] of crucial items of evidence ... before the adversary ha[d] an opportunity to inspect them" (*Kirschen v Marino*, 16 AD3d 555, 555-556 [2d Dept 2005], *quoting Kirkland v New York City Hous. Auth.*, 236 AD2d 170, 173 [1st Dept 1997]), "thus depriving the party seeking a sanction of the means of proving his claim or defense. The gravamen of this burden is a showing of prejudice" (*Kirschen*, 16 AD3d at 556, *supra*).

The court has broad discretion in determining what, if any, sanction should be imposed for spoliation of evidence (*see Allstate Ins. Co. v. Kearns*, 309 AD2d 776 [2d Dept 2003]). It may, under appropriate circumstances, impose a sanction "even if the destruction occurred through negligence rather than wilfulness, and even if the evidence was destroyed before the spoliator became a party, provided [the party] ... was on notice that the evidence might be needed for future litigation" (*DiDomenico v. C & S Aeromatik Supplies*, 252 AD2d 41, 53 [2d Dept 1998]; *see Favish v. Tepler*, 294 AD2d 396 [2d Dept 2002]; *Baglio v. St. John's Queens Hosp.*, 303 AD2d 341 [2d Dept 2003]).

Recognizing that striking a pleading is a drastic sanction to impose in the absence of willful or contumacious conduct, courts will consider the prejudice that resulted from the spoliation to determine whether such drastic relief is necessary as a matter of fundamental fairness (*see Favish v. Tepler*, 294 AD2d 396, *supra*). A less severe sanction is appropriate where the missing evidence does not deprive the moving party of the ability to establish his or her defense or case (*see Chiu Ping Chung v. Caravan Coach Co.*, 285 AD2d 621 [2d Dept 2001]).

When a party alters, loses, or destroys key evidence before it can be examined by the other party's expert, the court should dismiss the pleadings of the party responsible for the spoliation, or, at the very least, preclude that party from offering evidence as to the destroyed product (*Squitieri v City of New York*, 248 AD2d 201, 202 [1st Dept 1998]). However, in the absence of proof that the destruction of the evidence was willful, contumacious, or in bad faith, courts have declined to impose the drastic sanction of striking a defendant's answer and have instead deferred the issue of the appropriate sanction for spoliation of evidence to trial (*Hall v Elrac, Inc.*, 79 AD3d 427, 428 [1st Dept 2010]).

**152996/2015   BAH, OSMAN vs. CITY OF NEW YORK**  
**Motion No.  006**

**Page 2 of 4**

2 of 4

Here, Osmose argues that Con Edison's failure to preserve the critical evidence has severely prejudiced its ability to defend against the claims asserted by Con Edison. Osmose asserts that Con Edison was aware of the incident when it occurred and conducted an extensive investigation into its cause, including inspecting the component parts of the underground structure. Osmose contends that this was not routine course-of-business disposal, but an event that caused injury to the public.

Con Edison, in opposition, argues that Osmose has failed to prove that Con Edison destroyed key evidence or that a physical examination of the missing material is crucial to Osmose's defense. Con Edison asserts that the alleged key evidence consisted of damaged electrical cables and connectors that were removed from the manhole after the explosion and examined by Con Edison's Cable Center. Con Edison further argues that the parts were disposed of in accordance with its normal business practices and prior to any notice of pending litigation. Con Edison provided reports and photos of their findings to Osmose.

The affidavit of Con Edison employee George Murray confirms that the equipment was disposed of shortly after his examination in November 2014, in line with Con Edison's normal business practices. The lawsuit was not commenced until March 25, 2015, and Osmose did not serve its demand until May 2024, well after the disposal of the evidence.

Plaintiff cross-moves to strike Con Edison's answer or impose a sanction for destruction of evidence, arguing that Con Edison should have reasonably anticipated litigation and was aware of the accident soon after it happened. Plaintiff points to the case *Harry Winston, Inc. v Eclipse Jewelry Corp.*, 215 AD3d 421, 422 (1st Dept 2023), which held that a party "should have reasonably anticipated litigation" and thus had an obligation to preserve evidence.

Con Edison responds that Plaintiff's cross-motion is procedurally improper and asserts that it did not engage in bad faith by disposing of the evidence. Con Edison references *Xiao v Jiang*, 2024 NY Slip Op 03393 (1st Dept 2024), where sanctions were not imposed after a defendant disposed of a water heater that caused injury to the plaintiff, noting that no evidence showed the defendant reasonably anticipated litigation prior to the disposal.

The court finds that Osmose has not sufficiently demonstrated that Con Edison intentionally or negligently disposed of crucial evidence with the intent to deprive Osmose of the means to defend itself. Con Edison's disposal of the evidence appears to have been conducted in accordance with its regular business practices and prior to any notice of pending litigation. Furthermore, Osmose has not shown that Con Edison acted with willful or contumacious intent.

However, considering the potential impact of the missing evidence on Osmose's defense, the court finds it appropriate to order an adverse inference jury charge at trial. This will allow the jury to consider whether the missing evidence would have been unfavorable to Con Edison's case.

Accordingly, it is hereby

ORDERED that Osmose's motion to strike Con Edison's third-party complaint is denied; and it is further

**152996/2015   BAH, OSMAN vs. CITY OF NEW YORK**
**Motion No.  006**

**Page 3 of 4**

3 of 4

[* 3]

ORDERED that Osmose's request for preclusion of evidence is also denied; and it is further

ORDERED that Osmose's motion is granted only to the extent that an adverse inference charge will be given to the jury at trial regarding the missing evidence; and it is further

ORDERED that Plaintiff's cross-motion to strike Con Edison's answer is denied, as is the request for other sanctions.

This constitutes the decision and order of the court.

20240723142829HKINGOC1A...A4DBC40B9A73F1F9A4FF65EAA

**7/23/2024**
**DATE**

**HASA A. KINGO, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | X DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**152996/2015  BAH, OSMAN vs. CITY OF NEW YORK**
**Motion No.  006**

Page 4 of 4

4 of 4

[* 4]