| |
|---|
| **Ames v City of New York** |
| 2025 NY Slip Op 31279(U) |
| April 14, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 162366/2023 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. HASA A. KINGO**                PART                     **05M**

*Justice*

------------------------------------------------------------------------------X

SHIRLEY AMES,

                                    Plaintiff,

                    - v -

THE CITY OF NEW YORK, GRIFFON 1356 LLC,1356
RESTAURANT LLC,THE LINE GROUP LLC,SUPREME
COMPANY I LLC

                                    Defendant.

------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 162366/2023 |
| MOTION DATE | 03/26/2025 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 22, 23, 24, 25, 26, 27, 28, 29, 30

were read on this motion to             AMEND CAPTION/PLEADINGS             .

        With the instant motion, Plaintiff Shirey Ames ("Plaintiff," "Decedent"), through counsel, seeks the following relief: 1) Pursuant to CPLR § 3025(b), leave to amend the caption to substitute Justin Richards, as the duly appointed Administrator of the Estate of Shirley Ames, as the Plaintiff in this action; 2) Pursuant to CPLR § 2004, an extension of the note of issue filing deadline to permit the scheduling of a preliminary conference and the completion of discovery; and 3.) Such other and further relief as the court deems just and proper.

## BACKGROUND AND PROCEDURAL HISTORY

        This is a personal injury action arising from a trip and fall incident alleged to have occurred on November 14, 2022, at or near the curb located at or near 1356 East 73rd Street, Brooklyn, New York. The original Plaintiff, Shirley Ames, commenced this action by filing a summons and verified complaint on December 22, 2023. Service was effectuated, and defendants THE CITY OF NEW YORK and SUPREME COMPANY I LLC filed answers on March 5, 2024.

        Subsequently, on May 3, 2024, Shirley Ames passed away. Her counsel notified the court of her passing by letter dated May 20, 2024, and appended a death certificate. On September 13, 2024, Letters of Administration were duly issued to Justin Richards by the Surrogate's Court of Nassau County, thereby conferring legal standing upon him to act as the representative of Ms. Ames' estate.

        A verified bill of particulars has been served, and a request for judicial intervention and preliminary conference was filed on April 19, 2024. However, no preliminary conference has been scheduled, and discovery has not been completed. Accordingly, Plaintiff seeks an extension of the

[* 1]

note of issue deadline, which is currently set for April 19, 2025, to allow necessary proceedings to occur.

ARGUMENT

Plaintiff moves pursuant to CPLR § 3025(b), which permits amendments to pleadings by leave of court at any time, and CPLR § 2004, which authorizes the court to extend procedural time limits "upon such terms as may be just." Counsel for Plaintiff argues that the substitution of Justin Richards as Plaintiff is necessary to preserve Decedent's claims following her death and to comply with procedural due process. The supporting affirmation includes proof of Decedent's death and Letters of Administration issued by the Surrogate's Court.

Furthermore, Plaintiff contends that no prejudice will result to any party, as all defendants were notified of the Plaintiff's passing in a timely fashion and no discovery deadlines have yet been enforced. The relief is ministerial and procedural in nature, and will facilitate the orderly progression of the litigation.

No opposition has been submitted by any party, including those defendants who have appeared, and several defendants remain in default.

DISCUSSION

## I.  Amendment of the Caption under CPLR §3025(b)

CPLR §3025(b) permits a party to amend a pleading or procedural document by leave of court, which "shall be freely given upon such terms as may be just." New York courts have repeatedly held that where a party dies during the pendency of an action, substitution of the fiduciary representative is a proper and necessary procedural step to continue the action on behalf of the decedent's estate. As the Appellate Division, First Department has affirmed, "[t]he substitution of a personal representative of the estate is a ministerial act and does not affect the substantive claims of the action" (*Friedman v. Lawrence*, 90 AD2d 824 [1st Dept 1982]).

Further, CPLR §1015(a) mandates substitution when a party to an action dies and the claim survives. The cause of action asserted in this matter—a personal injury claim sounding in negligence—clearly survives the decedent under EPTL §11-3.2(b), which expressly allows recovery for injuries to person or property to continue in favor of the decedent's personal representative.

Accordingly, the substitution of Justin Richards, as Administrator of the Estate of Shirley Ames, is not only proper but legally necessary to preserve the viability of the action. Plaintiff has attached a certified copy of the Letters of Administration issued by the Surrogate's Court, establishing Mr. Richards's legal capacity to act.

## II.  Extension of the Note of Issue Filing Deadline Under CPLR §2004

**162366/2023   AMES, SHIRLEY vs. THE CITY OF NEW YORK ET AL**
**Motion No.  001**                                                                                   **Page 2 of 4**

2 of 4

CPLR §2004 grants the court discretion to extend any fixed time period upon good cause shown. Here, the death of the Plaintiff and the delay in the issuance of Letters of Administration present compelling reasons justifying the extension. This is not a case of dilatoriness or neglect, but one where the statutory processes attendant to death and estate administration have unavoidably impacted the litigation timeline.

Courts have routinely granted extensions where discovery remains outstanding and procedural delays were due to factors beyond counsel's control. In *Gonzalez v. 98 Mag Leasing Corp.*, 95 NY2d 124 (2000), the Court of Appeals emphasized the importance of a fair opportunity to complete discovery, noting that "the interest of justice is best served when litigation is determined on the merits rather than by procedural default." Similarly, in *Balaskonis v. HRH Constr. Corp.*, 1 AD3d 120 (1st Dept 2003), the Appellate Division, First Department, reversed denial of an extension where discovery remained incomplete and no prejudice was shown.

Here, there is no indication of willful delay, nor is there any claim of prejudice by the defendants—indeed, the motion is unopposed. No Preliminary Conference has been held, and essential discovery remains outstanding. An extension is not only warranted but imperative to ensure a fair adjudication of the parties' rights.

The court finds the unopposed motion to be supported by sound legal authority and grounded in the equities of the case. The substitution of Justin Richards is necessary and proper under CPLR §3025(b) and CPLR §1015(a). Likewise, good cause has been established to warrant the extension of the note of issue filing deadline under CPLR §2004, particularly in light of the lack of opposition, the ongoing discovery needs, and the absence of any prejudice.

Accordingly, it is hereby:

ORDERED that the instant motion is granted; and it is further

ORDERED that the caption in this matter is hereby amended to read:

-------------------------------------------------------------------------X
JUSTIN RICHARDS, as the Administrator of the
Estate of SHIRLEY AMES, deceased,

                     Plaintiff,

-against-

THE CITY OF NEW YORK, GRIFFON 1356 LLC,
1356 RESTAURANT LLC, THE LINE GROUP LLC,
and SUPREME COMPANY I LLC,

                    Defendants.
-------------------------------------------------------------------------X

; and it is further

**162366/2023   AMES, SHIRLEY vs. THE CITY OF NEW YORK ET AL**           **Page 3 of 4**
  **Motion No.  001**

3 of 4

[* 3]

ORDERED that the Clerk of the Court is directed to amend the caption as specified; and it is further

ORDERED that Plaintiff's time to file the note of issue is hereby extended to the extent that a note of issue shall not be filed in this matter until all parties certify, via stipulation, that all discovery is complete; and it is further

ORDERED that Plaintiff shall file a copy of this order on the Clerk of the Court and shall serve the same on all parties within ten (10) days of service of this order with notice of entry; and it is further

ORDERED that all parties shall cooperate in good faith to schedule and attend a preliminary conference at the earliest available date; and it is further

ORDERED that the Clerk of the Differentiated Case Management Part is directed to set this matter for a preliminary conference on the earliest available date.

This constitutes the decision and order of the court.

20250414120011HKINGOA3F7DX6A3B44826A6A2A82C89BE1F36

_____
**4/14/2025**
**DATE**

_____
**HASA A. KINGO, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**162366/2023   AMES, SHIRLEY vs. THE CITY OF NEW YORK ET AL**
**Motion No.  001**

**Page 4 of 4**

[* 4]